### Phyllis A. Andrews v. James D. Andrews

[349 A.2d 239]

No. 90-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed December 2, 1975

*Leighton C. Detora* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiff.

*Monte & Monte,* Barre, for Defendant.

**Billings, J.** Plaintiff Phyllis A. Andrews was granted a divorce on December 13, 1972, by the Washington Superior Court. The decree ordered that defendant James D. Andrews pay plaintiff a total of $40,000 payable in installments, the balance being secured by a first mortgage on the properties known as the Fruchter Farm and the Amos King land "in exchange for a conveyance and release of plaintiff's interest in the above properties as well as the home place on Nelson Avenue in the City of Barre". The decree further mandated that each of the parties execute the documents necessary to carry out the provisions of the judgment order. On September 27, 1974, the decree was clarified relative to the installment payments, but in all other respects, the original decree was reaffirmed and adopted.

In October, 1974, defendant tendered to plaintiff documents necessary to convey the home place on Nelson Avenue to him, which plaintiff refused to execute. After hearing on December 5, 1974, before the Washington Superior Court, findings of fact and an order were issued stating that plaintiff was in wilful contempt of the court order as amended. The court ordered that plaintiff execute the tendered documents by December 20, 1974, and deliver them to the clerk of the Washington Superior Court, or stand committed to the Commissioner of the Department of Corrections for a period of forty-five days. From this order plaintiff now appeals, claiming that the trial court abused its discretion in determining that she was in civil contempt.

Plaintiff claims that the trial court erred in that the original order and amended order failed to specifically order transfer of the home place and that the transfer, if executed, would jeopardize her security for the remaining balance due on the total property settlement. From a reading of the order of October 13, 1972, as carried forward in the amended order of September 24, 1974, it is clearly ordered that the plaintiff, in exchange for a conveyance and release of her interest in the home place conditioned on the payments of certain monies in installments and secured by a first mortgage on other property, execute the necessary instruments to effectively carry out the provisions of the order.

Plaintiff's security for the future payments was the mort-

gage liens imposed by the court on the Fruchter and Amos King lands, for which she was required to grant partial releases on occasions when defendant was able to sell lots therefrom to raise the settlement monies owed plaintiff. She had no right or lien left in the home place after the order, except a money value due her secured by a mortgage on lands other than the home place. Her refusal to execute the papers transferring the home place to defendant was in disregard of the court order. The evidence supports the court's finding of wilful contempt on the part of plaintiff.

Civil contempt can be found where a party, though able, refuses to comply with a valid, specific court order. *Socony Mobil Oil Co.* v. *Northern Oil Co.*, 126 Vt. 160, 225 A.2d 60 (1966). The power to punish for contempt is discretionary in nature, and so long as a reasonable basis for the discretionary action of the trial court is shown to be present, a reviewing court will not interfere. *Brooks* v. *Brooks*, 131 Vt. 86, 300 A.2d 531 (1973). That reasonable basis is present here in the findings relating to plaintiff's failure to turn over the transfer papers on the home place.

Contempt proceedings which seek confinement of a party must be kept under the close scrutiny of the court in order that imposition of any such penalty meets constitutional standards. *Randall* v. *Randall*, 129 Vt. 432, 282 A.2d 794 (1971). In the case now before us, plaintiff has had adequate hearings and opportunity to purge herself by executing and delivering the necessary documents to the clerk of the Washington Superior Court. We note that due to the time taken to process this appeal, the date set by the trial court for compliance with its order has passed. We therefore must remand this cause to the trial court in order that it may amend its order of contempt and establish a new date for compliance therewith.

*Judgment affirmed; cause remanded for the purpose of establishing a date for compliance with the order of December 12, 1974.*