### Gordon Allen Brown v. Donna Lou Brown

[435 A.2d 949]

No. 112-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed August 14, 1981

*Mahady, Dunne, Hershenson & Scott,* Norwich, for Plaintiff.

*Peter F. Langrock* and *Susan F. Eaton* of *Langrock Sperry Parker and Stahl,* Middlebury, for Defendant.

Barney, C.J. This case is the aftermath of a contested divorce case. Mrs. Brown was held in contempt in consequence of a petition brought by her former husband. She filed a motion to modify, which, on agreement of the parties, the court treated as a cross-petition for contempt. The court denied her petition. She is contending on appeal that the decision holding her in contempt was in error, and that the court should have held her former husband in contempt.

The factual background is complex, although the legal issue is straightforward. The farm of the couple was large, well-stocked and valuable. The divorce decree provided that Gordon Brown could acquire sole ownership of the farm by paying Mrs. Brown $225,000. To reach this result the trial court apparently used a value between the $691,945.00 of Gordon Brown's evidence and the $1,118,346.00 of his wife's evidence. No finding as to the value of the farm, or the total obligations chargeable to it, was made. The order provided, in the alternative, as follows:

> 8. In the event the Plaintiff does not pay the Defendant the sum of $225,000.00 on or before September 1, 1979, the Plaintiff is ordered to sell forthwith all the real estate and personal property mentioned in the preceding paragraph and the net proceeds shall be divided equally between the parties. In the event that such sale shall net less than $450,000.00, the sale shall be subject to the approval of the Defendant which approval shall not be unreasonably withheld.

The trial court found that the husband made a concerted effort to borrow enough money to pay his ex-wife the $225,000. He applied for a loan with two local banks, but was rejected. He also applied to Farm Credit Service, with Farmers Home Administration participation, but was also turned down. At that point, the husband informed his former wife that he could not obtain the $225,000 required by the court order, so he would proceed with a sale of the farm.

The farm was sold at auction as a single unit, an unusual proceeding. The husband had authorized a person acting as his agent to bid up to $605,000. That agent actually bid in the farm for $590,000. This represented a net of $250,000, one-half of which ($125,000) would go to Mrs. Brown.

When the bidding stopped at $590,000, the auctioneer recessed the auction to see if he could get any higher bids. He was unsuccessful. At that point, the wife refused to approve the sale, requiring a sale price of $700,000. No one offered that much. The $700,000 price represented a net of $360,000, of which $180,000 would go to the wife. She was unaware of the agency relationship at that time. At the $590,000 sale price, she would have received $100,000 less than she was to

receive under the court ordered divorce decree. Since the bidder was acting on behalf of the husband, Mr. Brown had, in effect, bid off the farm to himself.

The trial court concluded that the husband did not intentionally violate the original order requiring him to pay his former wife $225,000, in that he had made a conscientious effort to obtain the financing for the money. The court also concluded that the sale was not unreasonable, but that the withholding of approval by the wife was. On that basis, the court granted the husband's petition for contempt.

■ ■ The purposes of contempt are twofold: to punish the guilty party, and to provide restitution to the injured party. *Austin* v. *Sicilliano,* 137 Vt. 115, 119, 400 A.2d 981, 984 (1979). We recognize that the trial court has great discretion to use the contempt power, and so long as the court has a reasonable basis for its discretionary action, this Court will not interfere. *Andrews* v. *Andrews,* 134 Vt. 47, 49, 349 A.2d 239, 241 (1975). In reviewing the trial court's actions, however, we must examine closely the original divorce decree and order to determine whether the former wife's actions were so unjustified as to be punishable as contempt of court.

The findings of the court in the original divorce proceedings reflected the fact that the right to retain the farm as a unit, and own and operate it, is a benefit to the husband. This is significant in interpreting the provisions of paragraph 8, quoted above.

It is the view of this Court that the order contemplates a bona fide sale of the property, divesting the interests of both husband and wife. The provision speaking of a division of the net proceeds certainly indicates that intention. More importantly, the entire purpose of the order, including the amendment providing for the reasonable consent of the wife, is directed at insuring the fairest possible division of family assets. The order is designed to maximize the husband's efforts to raise the payment for his wife's share under the order so that he may keep the farm or, in the alternative, to maximize the sale price by making it in the best interests of both parties to sell at the highest possible value. If the share coming to the wife can be reduced without concomitantly requiring the husband to relinquish the benefits of ownership, part of the

compelling conditions of the order have been bypassed to the possible detriment of the wife's interest.

Our interpretation of the divorce order does not make this case like *vanLoon* v. *vanLoon,* 132 Vt. 236, 242, 315 A.2d 866, 870 (1974), where this Court held invalid a divorce decree that required sale of the marital property, but prohibited either the husband or the wife from purchasing the property. In *vanLoon,* we held such an order to be an invalid restraint on alienation of property. Here, there is no such absolute restraint. The husband may retain ownership of the property, but to do so, he is required to pay his former wife $225,000. That is her portion of the fair market value as determined by the court in the original divorce action. If he does not pay her that amount, he is required to sell the property and divide the net proceeds equally with his wife.

In the circumstances of this case, there is no justification for finding the wife in contempt. Therefore, the provision of the order requiring her to accept $125,000 plus interest for her share of the farm and in lieu of alimony must also be struck down.

 The wife also contends that the court should have granted her petition for contempt. After making extensive findings relating to the former husband's attempts to obtain financing and his arrangement of the sale of the farm, the court concluded that his actions in purported compliance with the order represented a sufficient manifestation of good faith to justify denying the petition for contempt. The question on appeal is whether the court abused its discretion in denying the petition. *Andrews* v. *Andrews, supra.* After examining the record, we hold that it did not.

Since the trial court found the husband not to be in contempt for his actions, based on his good faith efforts, and since the original order dated 18 April 1979, including paragraph 9 providing for support for the wife and minor children, are still in full force and effect, the matter will not be remanded, but the parties will each be left to such further remedies as they may determine to be appropriate.

*The adjudication that the defendant is in contempt of the Addison Superior Court is reversed; the judgment, including*

*the provision requiring the payment of $125,000.00 plus interest is set aside; and the plaintiff's petition is dismissed.*
*The denial of defendant's petition for contempt is affirmed.*