## Mason and Cyrena Persons v. James and Virginia Lehoe

[554 A.2d 681]

No. 87-161

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed December 9, 1988

*Deborah T. Bucknam*, St. Johnsbury, for Plaintiffs-Appellants.

*Putter & Unger Associates*, Montpelier, for Defendants-Appellees.

**Gibson, J.** Plaintiffs appeal from an order of contempt requiring them to obtain a subdivision permit for a one-acre parcel prior to conveying it to defendants. Although we affirm the finding of contempt, the order must be restructured; accordingly, we remand the cause for this purpose.

The facts are not in dispute. The underlying controversy revolved around a right-of-way claimed by the defendants over plaintiffs' land. After litigation was commenced, the parties reached a settlement which was incorporated into a judgment order dated October 21, 1986. The settlement agreement provided for the sale of a parcel of slightly more than one acre by plaintiffs to defendants in exchange for a sum of money and defendants' quitclaim deed covering any interest they might have over the remainder of plaintiffs' land. Closing was to take place on or before November 20, 1986, one month later.

In the course of preparing for the closing, defendants' attorney notified the attorney for plaintiffs that her clients, as sellers of the parcel, were responsible for obtaining the subdivision permit required under § 3-04 of the Environmental Protection Rules

("Rules") of the Department of Water Resources and Environmental Engineering, Agency of Environmental Conservation ("Agency").*  She responded that her clients were in the process of obtaining a "deferral of permit" under § 3-06. Defendants notified plaintiffs that the deferral of permit was not what they had bargained for and would not be accepted in lieu of the subdivision permit.

When plaintiffs refused to obtain the subdivision permit and thus were unable to close to defendants' satisfaction, defendants instituted a contempt proceeding against them. After a hearing, the court found plaintiffs to be in contempt of the October 21, 1986 judgment order, held that they could purge themselves of contempt by obtaining a subdivision permit, and ordered them to tender a proper deed to defendants on or before May 15, 1987. The contempt order also required them to pay costs and attorney's fees to defendants.

Plaintiffs raise three issues on appeal. First, they claim they are not required to obtain a subdivision permit under § 3-04B of the rules. Second, they claim that the court erred both on the facts and the law in adjudging them in willful contempt of the October 21, 1986 order. Third, plaintiffs assert that the court abused its discretion by finding them in contempt when they did not have the information necessary to submit an application for a permit and defendants had no present plans to develop the property.

I.

■   Section 3-04 of the Agency's Rules requires that "[n]o proprietor of land shall subdivide it, or otherwise establish or create a subdivision, without first obtaining a permit from the Division of Protection." "Subdivision" is defined as any division of land, by sale or otherwise, which creates a parcel of land less than ten acres in area.

Section 3-04B provides that in the event a subdivision is created by court-ordered partition, the burden for complying with permit requirements is shifted onto the person receiving title. Plaintiffs claim that since their settlement agreement was incorporated into a court order, they fall within this exception, and

---

* The Agency of Environmental Conservation has since been renamed the Agency of Natural Resources. 1987, No. 76, § 13 (codified as 3 V.S.A. § 2801(1)).

that the burden is on defendants as persons receiving title to comply with any subdivision permit requirements.

This argument has been raised for the first time on appeal, and as such, will not be considered here. *Fyles* v. *Schmidt*, 141 Vt. 419, 422-23, 449 A.2d 962, 965 (1982); *Hojaboom* v. *Town of Swanton*, 141 Vt. 43, 53, 442 A.2d 1301, 1306 (1982).

## II.

Next, plaintiffs contend that the court erred in finding them in willful contempt of the October 21, 1986 order, inasmuch as they were ready, willing and able to convey the property to defendants on the date the contempt petition was heard. At the hearing, plaintiffs produced an unexecuted warranty deed conveying the parcel to the defendants, a blank quitclaim deed for defendants' signatures, and completed property transfer tax returns. They also produced a "deferral of permit" issued by the Agency's Division of Protection, claiming that the deferral was sufficient to convey the property under § 3-06 of the Rules. That section provides for the temporary deferral of developmental rights upon the filing of an application by the owner, together with a plot of the land and a statement signed by the purchasers waiving developmental rights.

The Rules are clear that a deferral of permit removes any regulatory barrier to the conveyance of parcels of fewer than ten acres. The Rules are also clear, however, that a deferral will be issued only if the purchaser agrees to a temporary waiver of developmental rights. Under § 3-06 of the Rules, that waiver must be a term of the contract of sale, and the application for a deferral must be accompanied by a written waiver signed by the purchaser.

Here, the court found that defendants had not waived their developmental rights as required under § 3-06, and that because no waiver had occurred, plaintiffs were obligated to obtain not a deferral but an actual subdivision permit. The court further found that plaintiffs had the ability to do so. Their failure to obtain the subdivision permit, concluded the court, constituted willful failure to comply with its order and warranted a judgment of contempt.

Orders of contempt are discretionary acts, and will not be reversed unless the contemnor shows that the court's discretion was

either entirely withheld or was exercised on grounds clearly untenable or unreasonable. *State* v. *Allen,* 145 Vt. 593, 600, 496 A.2d 168, 172 (1985); *Brown* v. *Brown,* 140 Vt. 56, 58, 435 A.2d 949, 951 (1981). Here, since there was no contract of sale apart from the settlement agreement, any waiver of developmental rights by the defendants should have been contained in the settlement agreement. Absent such a statement in the agreement, and in view of the continuing communications to plaintiffs by defendants' attorney that no waiver was intended, the evidence clearly supports the court's finding that no waiver had occurred and that plaintiffs were thus obligated under § 3-04 to apply for a subdivision permit, not a deferral.

## III.

■ Plaintiffs claim that the trial court abused its discretion in finding them in willful contempt of its order since they did not have the information necessary to submit an application for a permit, nor did defendants have any plans to develop the property.

The record is clear that plaintiffs did not even attempt to apply for a subdivision permit. They made no arrangements to conduct the necessary soil tests or obtain consultants' reports as required under § 3-08 of the Rules. Instead, they concluded that a deferral of permit would suffice to convey the property. Although their conclusion might have been reasonable in light of the defendants' admission that no development plans exist at present, nevertheless, defendants made it clear to plaintiffs prior to the closing date that they did not waive their developmental rights and that they expected plaintiffs to apply for a subdivision permit. Given these circumstances, it was well within the court's discretion to find plaintiffs in contempt of the October 21, 1986 order for failure to apply for a permit.

■ Although we hold that the finding of contempt was warranted, the contempt order as it stands must be amended. That order, dated February 10, 1987, provided that the plaintiffs "shall purge their contempt by obtaining a 'subdivision permit'" by May 1, 1987, and tendering a proper deed to defendants by May 15, 1987. As indicated, plaintiffs' obligation is to *apply* for a subdivision permit; whether the application results in the "obtaining" of a permit is a determination to be made by the Divi-

sion of Protection. See, e.g., Rules § 2-02J(2) (decision, in form of either a permit or a denial, must be issued by Division within sixty days after notice of receipt of application has been sent). Further, as the dates for compliance have long since expired, new time periods must now be prescribed. While it lies within this Court's power to correct a lower court's judgment where the record clearly provides a basis on which to do so, see *Doyle* v. *Polle*, 121 Vt. 335, 339-40, 157 A.2d 226, 230 (1960), in this case the trial court is in a better position to assess the time requirements necessary for compliance with its order.

We also note that the order as issued provides that plaintiffs "shall" purge their contempt by obtaining a subdivision permit. Although contemnors have a right to an opportunity to purge their civil contempts, see *State* v. *Pownal Tanning Co.*, 142 Vt. 601, 604, 459 A.2d 989, 991 (1983); *Andrews v. Andrews*, 134 Vt. 47, 49, 349 A.2d 239, 241 (1975), they cannot be compelled to exercise that right; it is their choice whether to do so, or to suffer any penalties imposed in the event they do not.

The contempt order must therefore be amended and the cause remanded to the trial court for this purpose.

IV.

Plaintiffs have also claimed as error the award of attorney's fees to defendants, but have entirely failed to brief this issue. This Court has consistently held that it will not decide issues which have not been adequately briefed. *Bishop* v. *Town of Barre*, 140 Vt. 564, 579, 442 A.2d 50, 57 (1982). Therefore, we shall not consider this issue.

Defendants' application for an award of attorney's fees and costs on appeal is denied.

*The contempt order is affirmed and the cause remanded to the trial court for the purpose of amending its order in accordance with this opinion.*