## State of Vermont v. Charles Gundlah, ex rel. Susan Smallheer

[624 A.2d 368]

No. 92-409

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed April 2, 1993

*Gary Kessler,* Supervising Appellate Prosecutor, Montpelier, for Plaintiff-Appellee.

*Richard V. Aborjaily* and *John W. Vorder Bruegge,* Law Clerk (On the Brief), Norwich, for Defendant-Appellee.

*Robert B. Hemley* and *Dennis R. Pearson* of *Gravel and Shea,* Burlington, for Appellant.

**Allen, C.J.** Appellant Susan Smallheer appeals a contempt order that did not recognize her asserted newsgatherer's qualified testimonial privilege. Because defendant Charles Gundlah subsequently pled nolo contendere, appellant's testimony will no longer be needed at the trial and her appeal regarding the newsgatherer's privilege is moot. We therefore dismiss her appeal of the contempt order; however, we reverse on attorneys' fees and prospective coercive contempt sanctions.

This appeal arises out of the criminal prosecution of Charles Gundlah for an alleged escape from the Woodstock Correctional Center on April 8, 1991. Appellant is a reporter who interviewed defendant by telephone and published the results of the interviews in articles appearing in the May 1, 1992 and May 30, 1992 issues of the Rutland Herald. The May 1 article contains an alleged confession to the escape by Mr. Gundlah.

The State placed appellant on its witness list and, in response, defendant subpoenaed her to a deposition. Appellant appeared at the deposition but, claiming a newsreporter's privilege, refused to answer questions and filed a motion to quash the subpoena. The trial court denied her motion to quash and granted both the State's and defendant's motions to compel. After appellant continued to refuse to answer questions regarding her interview with defendant, the trial court found her in contempt of court and ordered the payment of $3,985.05 as compensatory damages to the State and defendant's attorney, with additional prospective fines of $1,000 for the first day and $2,000 per additional day of continued disregard for the court's motion to compel.

Appellant raises three issues on appeal. First, she claims that the trial court failed to recognize a newsgatherer's qualified First Amendment testimonial privilege. Her second claim is that the Vermont Constitution provides more protection to the

press than the First Amendment and protects a newsgatherer's qualified testimonial privilege. Finally, appellant argues that the trial court abused its discretion by ordering attorneys' fees and prospective sanctions in its contempt order.

Appellant's first two arguments are moot. On March 10, 1993 defendant pled nolo contendere to the charge of escape. Because there will be no trial, appellant's testimony is no longer sought. A case becomes moot when the issues are no longer "live." *Doria v. University of Vermont*, 156 Vt. 114, 117, 589 A.2d 317, 319 (1991). Moreover, the mootness doctrine requires that there be an actual controversy in existence at all stages of review. *Id.* Although mootness generally precludes appellate review, we recognize an exception to the doctrine in cases that are capable of repetition but evade review. *Id.* at 118, 589 A.2d at 319. In cases that are not class actions, this exception is narrowly limited to situations where two elements are present: (1) the duration of the challenged action was too short to be fully litigated prior to its expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again. *In re S.H.*, 141 Vt. 278, 281, 448 A.2d 148, 149 (1982). A repetition of the fact pattern presented seems highly unlikely and certainly does not rise to a reasonable expectation. The issue is moot and is dismissed.

Appellant also claims that the trial court erred by imposing compensatory fines in the form of attorneys' fees and prospective contempt sanctions. We agree.

Judgments of contempt lie squarely within the trial court's discretionary powers and will not be disturbed on appeal unless "the court's discretion was 'entirely withheld or was exercised on grounds clearly untenable.'" *Vermont Women's Health Center v. Operation Rescue*, 159 Vt. 141, 147, 617 A.2d 411, 414 (1992) (quoting *Persons v. Lehoe*, 150 Vt. 582, 585–86, 554 A.2d 681, 683 (1988)). Although attorneys' fees are "ordinarily awarded in contempt actions as part of the compensation due complainants for [the] actions [of the party in contempt]," *id.* at 150, 617 A.2d at 416 (citations omitted), Vermont continues to follow the "American Rule," which requires that each side bear its own attorney's fees. Departure from the American Rule is warranted only in cases of exceptional circumstances.

*Id.* at 151, 617 A.2d at 417. This Court upheld attorneys' fees in *Vermont Women's Health Center* because defendants had forced plaintiffs into a second round of litigation to enforce a clearly defined right that should have been respected without judicial intervention. *Id.*

■ Unlike *Vermont Women's Health Center*, the facts of this case do not warrant departure from the American Rule. A defendant's right to compel a newsreporter's testimony has not been clearly defined, as evidenced by the multitude of conflicting cases. Appellant should not be penalized for bringing a colorable constitutional claim by having to pay attorneys' fees for the other party. Thus, the trial court's award of attorneys' fees was in error.

■ ■ Appellant also claims that the trial court erred in ordering prospective coercive fines. In the context of contempt proceedings, purely prospective fines are not favored in Vermont. *Id.* (citing *State v. Pownal Tanning Co.*, 142 Vt. 601, 606, 459 A.2d 989, 992 (1983)). Where the circumstances are "extreme and extraordinary," however, prospective coercive contempt sanctions are allowed. *Id.* In *Vermont Women's Health Center*, the pertinent circumstances that supported prospective coercive sanctions were the violent tendencies of defendants, the magnitude of the harm, that defendants' acts were "willful, outrageous, and presented a clear and present danger to the public health and safety," and that "defendants claimed to act under 'higher law' and did not feel bound by the injunction." *Id.* None of these circumstances is present in this case; therefore, prospective coercive sanctions are not appropriate. To hold otherwise would cause a party to pay prospective coercive sanctions during the time period pending appeal.* This would unreasonably chill a person's ability to bring constitutional claims before this Court.

*The finding of contempt is dismissed as moot, and the order awarding attorneys' fees and prospective sanctions is reversed.*

---

* Although appellant received a stay pending appeal in the present case, the stay was ordered after the contempt order and is not guaranteed in future cases.