**STATE of Vermont v. Michael J. FERNALD**
**(Shelley D. Palmer, Appellant)**

[723 A.2d 1145]

No. 98-028

October 23, 1998. Shelley Palmer appeals from the Rutland District Court's denial of his request for a bail warrant and discharge as surety for Michael Fernald, pursuant to 13 V.S.A. § 7562, upon Palmer's surrender of Fernald to the court. We conclude that the case is moot and dismiss the appeal.

The parties do not dispute the relevant facts. On November 1, 1997, Shelley Palmer, a professional bail bondsman, entered into an Appearance Bond agreement ("agreement") with the district court and Michael Fernald, against whom were pending several criminal charges. According to the agreement, Fernald was required to reside at the apartment of one of the indemnitors to his bail. He was also

prohibited from establishing a new residence without first providing written notice to Palmer.

Approximately three weeks later, Palmer was informed that Fernald had moved and his whereabouts were unknown. Palmer did not receive written notice of Fernald's intent to move prior to his relocation. On December 1, 1997, after unsuccessful attempts to locate Fernald, Palmer filed a Request for Arrest of Principal in Relief of Bail in the district court pursuant to 13 V.S.A. § 7562. The court did not issue the requested bail warrant or discharge Palmer as Fernald's surety, but scheduled the matter for a hearing on December 18, 1997. When Palmer appeared at court on December 18, he learned that the hearing had been rescheduled for January 15, 1998. Thereafter, Palmer located, arrested, and surrendered Fernald to the court.

Upon Palmer's surrender of Fernald, the court held a hearing and declined to issue a bail warrant and relieve Palmer of his responsibilities as surety. The court ordered that Fernald continue to reside at his new address and rescheduled the hearing on Palmer's § 7562 request for February 10, 1998. On December 23, 1997, Palmer filed a notice of appeal from that order. The February 10 hearing was postponed until February 20, 1998, when it was finally held and Palmer's requests were granted. This appeal followed.

On appeal, Palmer and the State * concede that the relief originally sought by Palmer from the district court has been granted. Both argue, however, that the situation in which a trial court declines to timely issue a bail warrant or accept a surety's surrender of his principal is capable of repetition, yet evasive of review. Thus, they claim that this case is an exception to the mootness doctrine and therefore warrants review by this Court.

___

* The Attorney General filed a brief in this case at the direction of the Court.

In general, a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. See *State v. Gundlah*, 160 Vt. 193, 196, 624 A.2d 368, 370 (1993). The mootness doctrine requires that an actual controversy exist at all stages of review. See *id.* Generally, this Court does not review moot cases, though we recognize an exception "in cases that are capable of repetition but evade review." *Id.* When the case is not a class action, this exception is confined to situations where: (1) the duration of the challenged action was so brief that it could not be fully litigated before it expired, and (2) there is a reasonable expectation or a demonstrated probability that the complaining party will be subject to the same action again. See *id.* (citing *In re S.H.*, 141 Vt. 278, 281, 448 A.2d 148, 149 (1982)).

We are not persuaded that there is a "demonstrated probability" or even a "reasonable expectation" that the fact pattern presented in this case will be repeated. See *In re P.S.*, 167 Vt. 63, 68, 702 A.2d 98, 101 (1997) (exception to mootness doctrine does not apply when repetition of fact pattern is unlikely). The validity of the State's assertion that the timely issuance of bail warrants pursuant to § 7562 "will have the salutary effect of obviating the need for persons standing bail to rely upon self help in order to return the principal to the court" is self-evident, but insufficient to create a legally cognizable interest in the outcome of this case.

*Appeal dismissed.*