**Mary Josephine THOMPSON v. Frank L. THOMPSON, Jr.**

[762 A.2d 1236]

No. 99-201

August 22, 2000. Defendant Frank Thompson, Jr. appeals a decision of the Bennington Family Court, which first held his former wife, plaintiff Mary Thompson, in contempt for noncompliance with a child visitation order and then transferred the case to New York because it is a more convenient forum. We conclude that the court erred in dismissing the case in Vermont, in failing to exercise its discretion with respect to a contempt sanction and in failing to adjudicate defendant's motion to hold the child's former counsel in contempt. Accordingly, we reverse and remand for further proceedings in accordance with this entry order.

Plaintiff and defendant were married on December 8, 1984 at Sunderland, Vermont. Plaintiff had a daughter from a previous marriage, Dawn, who was adopted by defendant after the couple married. Elizabeth ("Libby") was born to the parties in 1987. After Dawn made allegations that defendant had sexually abused her, plaintiff filed for divorce. In the divorce decree, which was issued in 1996, the court awarded sole custody of Dawn and Libby to plaintiff subject to defendant's right of parental contact with Libby. The court required, however, that defendant's visitation with Libby be supervised because of her fear of defendant based on her perceptions of his misconduct with Dawn. In 1997, plaintiff moved to Long Island, New York with Libby. In 1998, defendant filed a motion in the Bennington Family Court to enforce parent-child contact, alleging that visitation under the divorce order had never occurred. The court ordered a plan to reunify Libby with defendant that included provisions to reintroduce Libby to her father over time, first by mail contact, then by visitation in a therapeutic setting, and finally with a normal visitation schedule. The court ordered plaintiff, defendant, and Libby to attend counseling to address residual issues lingering from the divorce and hostilities among the parties. Finally, the court ordered Libby's court-appointed attorney, Charles Chamberlain, to find a qualified child and family counselor to act as a coordinator to oversee this process.

In 1999, defendant filed two motions for contempt in the Bennington Family Court. The first motion alleged that plaintiff failed to permit parent-child contact in violation of the 1998 order. The second motion alleged that Charles Chamberlain failed to comply with the order because he had not identified a coordinator to oversee the reunification process. In response, Libby's new court-appointed counsel filed a motion to dismiss the

proceeding based on a finding pursuant to 15 V.S.A. § 1036 that Vermont is an inconvenient forum. After a hearing, the trial court held that plaintiff was in contempt of the 1998 decree and ordered her to comply with its provisions. The court also held that New York would be a more convenient forum for addressing and resolving other issues in the case and declined jurisdiction pursuant to 15 V.S.A. § 1036(b). It ordered that the Nassau County Family Court, in New York, be notified of the order. It found the contempt motion against Libby's former counsel to be moot. Defendant appeals the court's decision arguing (1) the court erred by not imposing any sanctions upon plaintiff for failure to comply with the 1998 order; (2) the court erred by not addressing defendant's motion to hold Charles Chamberlain in contempt for noncompliance with the 1998 order; and (3) the court abused its discretion in holding that Vermont is an inconvenient forum in which to litigate custody matters in this case.

We first address the court's compliance with the Uniform Child Custody Jurisdiction Act (UCCJA), 15 V.S.A. §§ 1031-1051, because that issue lies at the heart of this appeal. 15 V.S.A. § 1036(a) provides:

(a) A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

A contempt adjudication is not a custody determination. See *Matthews v. Riley*, 162 Vt. 401, 414, 649 A.2d 231, 240 (1994). Thus the court acted correctly in considering the contempt motion against plaintiff, despite its determination that New York offered a more convenient forum. See *In re J.L.V.*, 426 N.W.2d 112, 113 (Wis. Ct. App. 1988). Since only the contempt motions were before the court, however, it was not making a "custody determination," and § 1036 did not give it the power to dismiss the case in favor of jurisdiction in New York. See *id.* at 114 (holding UCCJA jurisdiction provision inapplicable because case involved only contempt proceedings). There was nothing pending over which the New York courts could extend jurisdiction.

Because the court erred in dismissing the case, it also erred in dismissing as moot the motion to hold the former attorney for the child in contempt. The court must consider that motion on its merits on remand.

Finally, we consider defendant's argument that the court erred in failing to provide sanctions for contempt. In this context, the function of civil contempt is coercive to compel a party to comply with a court order. See *In re C.W.*, 169 Vt. 512, 516, 739 A.2d 1236, 1239 (1999). While the power to cite and sanction for civil contempt lies within the discretion of the trial court, there must be a reasonable basis for the discretionary action of the trial court. See *Andrews v. Andrews*, 134 Vt. 47, 49, 349 A.2d 239, 241 (1975). When "the court is called upon to exercise its discretion in the matter, the moving party is entitled to have the issue settled." *Orr v. Orr*, 122 Vt. 470, 474, 177 A.2d 233, 236 (1962). Failure to exercise discretion in such circumstances is an abuse of that discretion. See *Brooks v. Brooks*, 131 Vt. 86, 92, 300 A.2d 531, 535 (1973). The court failed to exercise its discretion to consider a sanction against plaintiff arising out of the complaint, apparently because it believed that question could be resolved in the New York courts. Without a sanction, the adjudication of contempt had no coercive effect and could not fulfill its basic purpose. On remand, the court must con-

sider an appropriate sanction for the contempt which it adjudicated.

*Reversed.*