**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| | } | |
| Grand View Site Plan Application | } | Docket No. 161-8-05 Vtec |
| (Appeal of Morse) | } | |
| | } | |

**Decision on Pending Motions**

This matter concerns an appeal by Applicant Thomas Morse from the decision of the Town of Brighton (Town) Planning Commission denying site plan approval for the commercial mixed use of property commonly known as the Grand View. Appellant-Applicant represents himself; the Town is represented by Paul S. Gillies, Esq.

The Town has moved for summary judgment in this appeal on all issues raised by Appellant's Statement of Questions. Appellant has requested that the Town be held in contempt and has filed a dozen or more pleadings that are titled "Motion," but which are essentially responses to the Town's legal argument. We treat the latter filings as such and not as additional motions.

The central focus of Appellant's Questions is that the Town Planning Commission cannot require a site visit as a prerequisite to issuing site plan approval. Appellant argues that he has a "constitutional land right" to prevent members of the Planning Commission from inspecting his property. Appellant also argues that site plan approval is not required because there is no new construction on his property and that the Town did not hold a hearing on the application within the time period required by 24 V.S.A. § 4448(d).

The process of approving Appellant's development and use of the Grand View has taken a very long and rather unique procedural path. We need not go into all the details here; it is sufficient it to say that in an earlier appeal before this Court, Docket No. 37-2-02 Vtec, Appellant and the Town stipulated to the issuance of a conditional use

1

permit for the Grand View.  The stipulated conditional use permit allowed Appellant to use the Grand View as a retail/wholesale facility, a public meeting place for hire, and various lodging, motor home parking and bakery uses.  As part of the Stipulation granting Appellant a conditional use permit, Appellant was to apply for and receive site plan approval from the Town Planning Commission.  This Stipulation further required that the Planning Commission "shall not refuse to hear [Appellant's] application for site plan review on the grounds that an earlier application was rejected and not appealed." Stipulation, Appeal of Morse, Docket No. 37-2-02 Vtec, at 2 (Vt. Envtl. Ct., Feb. 28, 2005). Appellant submitted what he believed to be a complete site plan application on March 21, 2005.[1]  Because the Town did not hold a hearing on Appellant's site plan application until July 18, 2005, Appellant filed a motion for contempt[2] in this docket to force the Town to abide by the above-quoted language of the Stipulation granting the Grand View's conditional use permit.

## Factual Background

The following facts appear undisputed from the parties' pleadings.

1.     In 1996, Appellant purchased the Grand View, a rectangular mixed-use commercial building on eight acres, at 1063 Vermont Route 105 in the Town's Industrial zoning district.  The Grand View is on the northerly side of Route 105 and has a valid conditional use permit for uses itemized above, per the parties' Stipulation and Order of February 28, 2005, in Docket No. 37-2-02 Vtec.

2.     The Grand View was first constructed in 1978 pursuant to Act 250 permit # 7EO0368.  The Grand View is accessed by a gravel entrance from Route 105.  The

---

[1]  Appellant chose not to use the application forms proffered by the Town for all site plan applications. There is some dispute as to whether Appellant's application was complete enough for the Town to proceed with its review.  This disputed fact is discussed in more detail below, in the discussion of Appellant's motion for contempt.

[2]  Appellant's contempt motion listed both this docket and the now closed environmental court Docket No. 37-2-02 Vtec.  To the extent Appellant intended to file a contempt motion in both dockets, our ruling here applies to both dockets.

2

building itself is approximately 102′ x 60′ and is surrounded by five parking lots—a "lower lot" with parking for twenty cars immediately north of Route 105, an "upper lot" easterly of the building with parking for thirty-six cars, a "north lot" with parking for twenty cars northerly of the upper lot, a "rear lot" westerly of the building with parking for eleven cars, and a lot northerly of the building between the rear lot and the upper lot with parking for sixteen cars. The Grand View has a 164-foot front yard setback along Route 105, a westerly side setback of 43 feet, an easterly side setback of about 160 feet, and a rear setback of 620 feet.

3. Pursuant to the Stipulation granting Appellant's conditional use permit, Appellant submitted various materials for site plan approval to the Town Planning Commission, which the Commission received on March 21, 2005. The materials were not submitted on any of the Town's application forms, but the Town nonetheless accepted them. It appears that Appellant's site plan materials did not contain everything required by §§ 401, 401.1 and 401.2 of the Town Zoning Bylaws (Bylaws) for site plan review. Moreover, Appellant never submitted the required $100 application fee to the Town.

4. For the next few months, the Town awaited Appellant's submission of a complete application for site plan review, which was to include a larger drawing of the site plan originally submitted, pursuant to §§ 401, 401.1 and 401.2 of the Town Zoning Bylaws. Finally, by July 5, 2005, Appellant submitted an enlarged site plan, and although his application was not entirely complete, in the interest of moving the application along, the Planning Commission noticed a public hearing on Appellant's site plan application for July 18, 2005.

5. There was no reported opposition to Appellant's site plan. In fact, it seemed to conform to the applicable site plan review criteria. However, the Planning Commission requested a site visit, explaining that the Commission wished to determine whether the Grand View's physical layout was consistent with the site plan submitted

3

with the application materials. The Planning Commission stressed that this was a usual part of site plan review. Appellant steadfastly refused to allow a site visit by members of the Planning Commission, claiming that such visits violate the Vermont Constitution. Without the opportunity to visit the property, the Planning Commission issued its decision denying site plan approval on July 20, 2005.

6.      Appellant then appealed the Planning Commission's denial to this Court on August 10, 2005, and moved for Contempt against the Town for failing to abide by the provisions of the Stipulation in Docket No. 37-2-02 Vtec, requiring that "Mr. Morse shall obtain site plan approval from the Brighton Planning Commission (or on appeal from the Commission through the Environmental Court). The Brighton Planning Commission shall not refuse to hear this application for site plan review on the grounds that an earlier application was rejected and not appealed." Stipulation, Morse v. Brighton, Docket No. 37-2-02 Vtec, at 2 (Vt. Envtl. Ct., Feb. 28, 2005).

7.      The Town thereafter filed its motion for summary judgment, in which the Town requested that the Court either remand the matter to the Planning Commission or schedule its own merits hearing. In either event, the Town asserts that a site visit is a necessary component of municipal site plan review.

## Discussion

### I. Motion for Contempt

We first address Appellant's motion for contempt against the Town for its alleged violation of the above-quoted language of the Stipulation entered into on February 28, 2005. "[T]he function of civil contempt is coercive to compel a party to comply with a court order." Thompson v. Thompson, 171 Vt. 549, 550 (2000) (citing In re C.W., 169 Vt. 512, 516 (1999)). "While the power to cite and sanction for civil contempt lies within the discretion of the trial court, there must be a reasonable basis for the discretionary action of the trial court." Thompson, 171 Vt. at 550. We find no such reasonable basis for a contempt finding here.

4

Appellant urges us to find that the Town is liable for contempt for not following the Stipulation entered into in Docket No. 37-2-02 Vtec because the Town did not immediately approve his application for site plan review within thirty days. We read two further unspoken but implicit conditions into the parties' Stipulation: first, that Appellant was required to submit a complete site plan application to the Town and, second, that the Town was required to act upon the completed application in a timely manner. We find that the Town fulfilled its implicit timeliness obligation under the Stipulation, once Appellant supplied the Town with the semblance of a complete application.

The Town did not reject Appellant's application here, nor did they refuse to rule on it. In fact, if Appellant had submitted a complete application in conformance with Bylaws §§ 401 and 401.1, a public hearing on his application would likely have occurred in late March or early April, 2005. The only reason no action was taken on such a quick schedule was that Appellant did not provide all the materials required for site plan review to occur. We decline to find that the Town was in violation of the Stipulation. Therefore, we must deny Appellant's motion for contempt.

## II. Town's Motion for Summary Judgment

The Town requests summary judgment, principally arguing that all that remains is to hold a site visit and conduct a site plan review hearing. We agree with the Town and will so order, for the reasons more particularly stated below. Due to the perceived animus between Appellant and the Town officials at this stage of their litigation, we believe the most efficient course within the Court's jurisdiction is for the Court to schedule its own site visit and merits hearing, during both of which all parties will be invited and entitled to participate.

This case presents a curious procedural characteristic, whereby in granting the Town's motion for summary judgment, we will allow Appellant's application to

proceed to a de novo hearing on the merits. In order for us to do so, we must first require that Appellant submit full copies of the application and supporting materials he wishes the Court to consider, so that the Court may prepare for the site visit and hearing. We understand that Appellant provided the Town with his previous application materials. If Appellant intends to present an application and site plan at the merits hearing that differs in any way from the materials he submitted to the Town, he must also provide the Town with another full set of copies.

We now move to our analysis of whether a site visit may be required in the review of a municipal site plan application. We conclude that a site plan is both permitted and necessary

Appellant first contends that no site plan review is required for final approval of his proposed use of the Grand View. He is mistaken. Not only does § 401 of the Bylaws require site plan review for uses other than one- or two-family dwellings, but the state zoning enabling statute, 24 V.S.A § 4416, also requires site plan review to be conducted "[a]s a prerequisite to the approval of any use other than one- and two-family dwellings." Id. Further, when Appellant signed the Stipulation in Docket No. 37-2-02 Vtec, he implicitly agreed to submit a complete site plan application and supporting materials. Thus, because Appellant seeks to use the Grand View for something other than one- or two-family residential use, Appellant must undergo site plan review.

Appellant also contends that his application for site plan approval should be deemed approved because the administrative officer did not act on his application within thirty days, as required by 24 V.S.A. § 4448(d). In arguing for the deemed approval remedy, Appellant ignores the plain language of § 4448(d) requiring a "complete application." This requirement is very basic; it is a necessary prerequisite to the proper review of a municipal land use application.

Appellant never submitted a complete application, as he never submitted his proposal on the proper application form, with necessary exhibits. He also never

submitted the proper application fee. As we have repeatedly stated, it is the applicant who has the burden of proving that their application complies with the applicable zoning ordinance provisions. See In re McLaughlin, Docket No. 42-2-05 Vtec, slip op. at 8 (Vt. Envtl. Ct., Mar. 13, 2006). In the absence of application materials like an application fee and a sufficient site plan as required by Bylaws § 401.1(3), Appellant's application was not complete. We cannot rule that Appellant is entitled to the deemed approval remedy, since it was his own decision not to submit a complete application that delayed the site plan review process.

Further, Appellant's site plan application was denied because Appellant refused to allow members of the Planning Commission to enter his property for the purpose of a site visit. Appellant contends that he has some "constitutional land right" to exclude members of the Planning Commission from his property, and that the Planning Commission impermissibly denied his application, due to his mere exercise of this right. He is again mistaken.

Appellant misunderstands and misapplies the Constitutions and laws of the United States and the State of Vermont. Appellant has made numerous references in his briefs to seminal cases such as Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419 (1982). However, Appellant fails to comprehend the modern view of a municipality's police power over zoning and land development, as first developed in the 1926 case of Euclid v. Amber Realty Co., 272 U.S. 365 (1926).

In Euclid, the U.S. Supreme Court found that the reasons for zoning "are sufficiently cogent to preclude us from saying, as it must be said before the ordinance can be declared unconstitutional, that such provisions are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Id. at 395. Thus, modern zoning ordinances were ratified by the U.S. Supreme Court. Euclid and the U.S. Supreme Court cases that came thereafter

determined that nationwide, municipalities could permissibly create various zoning districts and prescribe what structures and uses would be allowed in each district.

Appellant is correct that he has a property right to exclude or prevent anyone he so chooses from accessing his property. However, exercising that right may bring about the very result Appellant faces here: the Town's denial of Appellant's site plan application. Here, the Town has lawfully decided that it must regulate land use and development through its zoning ordinance. One legitimate rationale for zoning is that unchecked land use and development can harm the public's health, safety or welfare. Therefore, in order to receive approval to lawfully use his eight-acre parcel, Appellant must allow Town officials to participate in a site visit in connection with this Court's review of his pending site plan application.

Appellant may continue to exercise his right to exclude others from his property. However, if he desires to lawfully use his property as proposed, he must allow the appropriate municipal officials, and thus this Court, to access his parcel. Rules 2(d)(2()(ix) and 2(d)(3)(vi) of the Vermont Rules for Environmental Court Proceedings are of particular relevance to this stage of our review of Appellant's site plan application, as they confirm this Court's authority to conduct site visits. Thus, Appellant has a choice: if he wishes for this Court's review to proceed to a merits hearing, he must allow the Court and all parties to this proceeding (including Town agents and officials) to enter onto his property to conduct a site visit. The site visit will immediately precede the merits hearing. If Appellant chooses to refuse access to his property for the scheduled site visit, such a choice will be within his right. But the consequence of exercising that right will be that this Court will have no choice but to deny his application for site plan approval at the merits hearing.

The site visit and merits hearing will be conducted pursuant to the Notice of Hearing which accompanies this Decision. We have attempted to schedule the site visit and merits hearing as soon as is practicable. In the event this schedule presents a

conflict for either party to this proceeding, we direct that the party first seek agreement from the other party before presenting a motion to continue to the Court.

At least 10 (ten) business days prior to the scheduled merits hearing, Appellant shall file with the Court full copies of his application and supporting materials. In the event Appellant intends to present an application and site plan at the merits hearing that differs in any way from the materials he submitted to the Town, he must also provide the Town with another full set of copies. Appellant must also submit payment of the $100.00 application fee to the Town and provide the Court with proof of such payment with his application (i.e.: at least 10 business days prior to the merits hearing).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's motion to have the Town held in contempt is **DENIED**. The Town's motion for summary judgment is **GRANTED**, to the extent that it requests that the Court schedule a site visit and merits hearing.

Done at Berlin, Vermont, this 15th day of June, 2006.

        Thomas S. Durkin, Environmental Judge