STATE OF VERMONT
ENVIRONMENTAL COURT



|  | } |  |
|---|---|---|
| **In re: Appeal of Marc and Susan Wood** | } | **Docket No. 121-7-03 Vtec** |
|  | } |  |

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

|  | } |  |
|---|---|---|
| **In re: Appeal of Wood** | } | **Docket No. 185-10-04 Vtec** |
|  | } |  |

## Decision and Order on Post-Judgment Motions

In the above-captioned appeals, both Appellant Marc Wood and the Town of Hartford ("the Town") have filed requests that this Court reconsider, explain, alter, or amend our prior decision regarding the parties' cross-motions for contempt. See In re: Appeal of Wood, Docket Nos. 121-7-03 Vtec and 185-10-04 Vtec (Vt. Envtl. Ct. Apr. 16, 2008) (J. Durkin) ("April 2008 Decision") (announcing this Court's determinations on the parties' cross-motions for contempt); see also Appeal of Wood, Docket Nos. 185-10-04 Vtec and 174-8-05 Vtec (Vt. Envtl. Ct. Apr. 13, 2006) ("April 2006 Order") (staying construction activities on Mr. Wood's property not specifically authorized by Permit #99-1180). Mr. Wood has moved for reconsideration and modification of our recent decision holding Mr. Wood in contempt of the April 2006 Order and denying Mr. Wood's motion to hold the Town of Hartford ("Town") in contempt. Mr. Wood asks us to explain the factual basis for our contempt order. Mr. Wood also asks that we reconsider his motion for contempt in Docket No. 121-7-03 Vtec and Docket No. 185-10-04 Vtec. In addition, the Town has moved to alter or amend the April 2008 Decision pursuant to Rule 59 of the Rules of Civil Procedure, seeking attorney's fees and "an affirmative ruling that the retaining wall constructed on site is not in conformance with" Mr. Wood's expired zoning permit.

Mr. Wood appears pro se and has represented himself in all proceedings to this point. The Town is represented by William F. Ellis, Esq.

## Mr. Wood's Motion for Reconsideration

In Docket No. 121-7-03 Vtec, Mr. Wood has requested that we reconsider our April 2008 Decision as it relates to our denial of his motion for contempt. Though titled a "motion to

reconsider," we will consider Mr. Wood's request as a motion to alter or amend under Rule 59(e) of the Rules of Civil Procedure. Fournier v. Fournier, 169 Vt. 600, 601 (1999). Such a motion is an extraordinary remedy; we are cautioned to use it sparingly. In re: Bouldin Camp – Noble Road, Docket No. 278-11-06 Vtec, slip op. at 1 (Vt. Envtl. Ct. Sept. 13, 2007) (J. Wright). It is used only to "correct manifest errors of law or fact," ought to be supported by newly discovered or previously unavailable evidence, ought to be used to correct manifest injustice, or to respond to an intervening change in the controlling law. In re: Britting Wastewater/Water Supply Permit, Docket No. 259-11-07 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 9, 2008) (J. Wright) (citing 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). It may not be used to re-litigate matters already decided or to resurrect arguments already rejected. Id.

Mr. Wood again asks the Court to find that the Town failed to comply with this Court's May 19, 2004 Order. He has not presented new or previously unavailable evidence or asked us to respond to a change in the controlling law. Instead, his motion rehashes already-rejected arguments, insists that contempt is appropriate because the Town did not respond to "all claims made by the appellant in his motion for contempt," and that "[t]he court['s] denial of the appellant's motion for contempt is not consistent with the court['s] finding in the above captioned matter and the court['s] April 16th findings and facts."

We may decline to consider Mr. Wood's motion, or any other motion for reconsideration, to the extent that it merely resubmits arguments that we have already rejected; to do otherwise would perpetuate the disputes between Mr. Wood and the Town and deprive both parties of the finality each deserves. Britting, Docket No. 259-11-07 Vtec, slip op. at 3 (Vt. Envtl. Ct. May 9, 2008). Regarding Mr. Wood's argument that the Town has failed to comply with our May 19, 2004 Order requiring it to consider Mr. Wood's amendment application, we reiterate that the May 19, 2004 Order explained that "the Zoning Administrator or Zoning Board of Adjustment must consider the application to amend, *which may include a ruling on its completeness . . . .*" Appeal of Wood, Docket No. 121-7-03 Vtec, slip op. at 7 (Vt. Envtl. Ct. May 19, 2004) (J. Wright) (emphasis added). We have repeatedly explained that the Town's refusal to consider Mr. Wood's subsequent application was not contemptuous, because Mr. Wood had failed to file a complete application.

We have consistently held that until Mr. Wood submits a complete application, the Town may continue to reject his submissions. See April 2008 Decision at 5–6 (explaining Mr. Wood's

submissions after the May 19, 2004 Order, the Town's actions, and this Court's actions on appeal). Our review of the record, as explained in the April 2008 Decision, reveals that Mr. Wood submitted an incomplete application, and Mr. Wood has not shown us otherwise. Accordingly, Mr. Wood has not shown that the Town deprived him of the right to have a properly completed application considered. See In re Morse, 98 Vt. 85 (1924) (defining civil contempt as "one which operates mainly to deprive another party to a suit of some right, benefit, or remedy to which he is entitled under an order of the court").[1] Therefore, Mr. Wood's motion for reconsideration is **DENIED**.

### Mr. Wood's Motion to Lift September 21, 2007 Order

In Docket No. 185-10-04 Vtec, Mr. Wood has moved that an Entry Order dated September 21, 2007 be lifted, so that he may be allowed to enter his property to perform repairs and maintenance. The Town opposes Mr. Wood's motion. We assume for the purposes of this motion that Mr. Wood is referring to the procedure the Court established for how Mr. Wood may protect his property against the weather and still avoid violating his obligation to have permit authority in hand before commencing further development. See In re: Appeal of Wood, Docket No. 185-10-04 Vtec (Vt. Envtl. Ct. Dec. 21, 2007) (J. Durkin) ("Entry Order to Clarify Weatherproofing" explaining the procedure used thus far). Mr. Wood explains that he clearly understands that he is currently enjoined from additional unpermitted construction activities on the "Hartford Diner" property and asks permission "to fully appreciate and enjoy [his] property . . ."

The parties have a long and thoroughly documented history of disagreements concerning the propriety of Mr. Wood's development activities on his property. The procedure this Court established allows Mr. Wood the opportunity to enter his property and protect it; he must outline his plans, submit those plans to the Court, and give the Town a ten day opportunity to respond. We see no reason to abandon this procedure, particularly in light of Mr. Wood's prior activities

---

[1] Similarly, we also find no merit in Mr. Wood's assertion that the Town must be held in contempt because it did not specifically counter each of his allegations. First, we have reviewed both parties' filings and have determined that the Town has adequately responded to all of the material or viable claims asserted by Mr. Wood. Second, our review of the record reveals that the Town has not deprived Mr. Wood of any right, benefit, or remedy to which he is entitled, as he has not submitted a proper application to trigger his right to have an application considered by the Town's zoning authorities. Put another way, Mr. Wood has again failed to fulfill his burden, as the moving party, of establishing the elements of civil contempt.

on his property, which this Court found contemptuous. It will remain Mr. Wood's right to secure permission to access his property until he secures any and all necessary development permits.

We do not, as the Town urges, regard our April 2008 Decision as superceeding the procedure we established for Mr. Wood to give notice of his intent to conduct maintenance or other activities that may not require a permit. Providing notice and an opportunity for the Town to offer its comments will help the parties avoid a repetition of the multiplicity of Court filings that have consumed their time for at least the last nine months and, more broadly, for the last nine years.

The September 21, 2007 Entry Order enjoined Mr. Wood from performing additional unpermitted construction activities, but it did not address other activities that Mr. Wood might possibly undertake, with or without the Court's permission.[2] We continue to see the value of the determinations and the procedure the Court established. We therefore conclude that Mr. Wood's motion to "lift" the September 21, 2007 Order must be **DENIED**.

## The Town's Motion to Alter or Amend

The Town moved to alter or amend the April 2008 Decision, pursuant to Rule 59(e) of the Rules of Civil Procedure. See V.R.E.C.P. 5(a)(2) (incorporating the Rules of Civil Procedure, so far as they are applicable and unmodified by the Rules for Environmental Court Proceedings). The Town seeks to alter or amend the April 2008 Decision to include an award of attorney's fees and to include "an affirmative ruling that the retaining wall constructed on site is not in conformance with [P]ermit #99-1180."

The Town has requested that it be awarded attorney's fees as a result of our finding Mr. Wood in contempt for violating our April 13, 2006 Order preventing him from engaging in construction activities not authorized by Permit #99-1180. The Town argues that attorney's fees follow, as a matter of course, from a finding of contempt because the Town has been required to enter a second round of litigation to secure its rights.

Vermont courts follow the "American Rule" regarding the reimbursement of attorney's fees, under which litigants are generally responsible for their own fees, absent contrary statute or agreement. Galkin v. Town of Chester, 168 Vt. 82, 91 (1998); see also Perez v. Travelers Ins. ex

---

[2] We are unaware of any court order or other obligation that prohibits Mr. Wood from visiting, entering upon, or "enjoying" his property. The primary restriction upon Mr. Wood is one we must all respect: to not commence or continue development activities on a property without the necessary permits.

rel. Ames Dep't Stores, Inc., 2006 VT 123, ¶ 8, 181 Vt. 45, 50-51. However, Vermont courts may deviate from the American Rule and award attorney's fees "as the needs of justice dictate." In re Gadhue, 149 Vt. 322, 327 (1987). For example, in Gadhue, a developer improperly received a zoning variance to construct a commercial structure on his property. Id. at 323; see also Gadhue v. Marcotte, 141 Vt. 238 (1981) (Supreme Court reversing and vacating the superior court's grant of the variance). Despite being involved in a live dispute regarding his authority to build, the developer in Gadhue completely constructed his commercial structure, and the interested person who originally challenged the improperly granted variance had to pursue a second round of litigation to give meaning to the earlier decision. In re Gadhue, 149 Vt. at 324. That interested person sought attorney's fees and an injunction, in the second round of litigation. Id. at 323.

On the issue of attorney's fees, our Supreme Court recognized that in certain situations, a court may avoid application of the American Rule and use the court's equitable powers to award fees "as the needs of justice dictate." Id. at 327. This equitable exception is "flexible, not absolute, and [may be] extended on [appropriate] occasion[s]." Id. (quoting Harkeem v. Adams, 117 N.H. 687, 690 (1977)) (internal quotation marks omitted, quote alterations supplied by Gadhue Court). The Gadhue Court noted that the U.S. Supreme Court urged caution when employing this exception, explaining that the exception was reserved for "exceptional cases and for dominating reasons of justice." In re Gadhue, 149 Vt. at 328 (quoting Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 166 (1939) (emphasis and internal quotation marks omitted). One such appropriate situation, the Gadhue Court noted, arises when a successful litigant must appear twice to obtain relief that should have been forthcoming after the first appearance. Id. at 328. Thus, in Gadhue, where the developer had continued to develop his property when his authority to do so was in question and the subject of an active appeal, and where the developer had not offered "new legal defenses" for his actions, the developer denied the interested person the fruits of her first appeal and subjected himself to the equitable authority of the Court. Id. at 329-30.

Subsequent application of the Gadhue equitable exception has focused on a requirement of "[b]ad faith conduct" and actions taken "vexatiously, wantonly, or for oppressive reasons." DJ Painting, Inc. v. Baraw Enters., Inc., 172 Vt. 239, 246 (2001) (quoting Gadhue, 149 Vt. at 329). Thus it was appropriate to award attorney's fees in Vt. Women's Health Ctr. v. Operation

Rescue, 159 Vt. 141 (1992), a case the Town cites, but not appropriate to award fees in State v. Gundlah ex rel. Smallheer, 160 Vt. 193 (1993).

In Operation Rescue, members of a protest group were aware of the terms of a temporary restraining order that ought to have prevented them from protesting at a women's health clinic, yet they violated the terms of the restraining order nonetheless. 159 Vt. at 151. This, combined with the protestors' attempts to evade service of the restraining order, presented the Court with an "exceptional case" that called for an exception to the American Rule "for dominating reasons of justice." See id. (quoting Gadhue, 149 Vt. at 330) (internal quotation marks removed). However, in Gundlah, the trial court erred in awarding attorney's fees where a newspaper reporter had at least a colorable legal argument against a finding of contempt. 160 Vt. at 197.

In Gundlah, a newspaper reporter interviewed a prison escapee and published two articles as a result. 160 Vt. at 195. The State placed the reporter on its witness list, and the defendant subpoenaed the reporter for a deposition. Id. The reporter appeared at the defendant's deposition, but refused to answer questions, asserting a qualified testimonial privilege. Id. The reporter also filed a motion to quash the subpoena. Id. On appeal, the Gundlah Court found that, despite the finding of contempt, attorneys fees were not appropriate, as there were insufficient reasons to depart from the American Rule. Id. at 196-97. The Court reasoned that because the testimonial privilege law regarding reporters was unclear, it was therefore inappropriate to penalize the reporter for asserting a colorable claim. The Supreme Court concluded that making the reporter pay another party's attorneys' fees, even though her claim of "testimonial privilege" was not successful, was not warranted in that case. Id. at 197.

This case more closely resembles Gundlah than it does Operation Rescue. Our finding of contempt was based upon Mr. Wood's admission that he had performed construction activities on his property without permit authority. April 2008 Decision at 6-7. Mr. Wood admitted that he had performed construction activities on the property. Id. at 4, 6. However, though he admitted he performed those activities, he also asserted that he had legal authority under the zoning bylaws to perform that work. Though we rejected his assertion of authority, we cannot say that Mr. Wood's actions were akin to the protestors' actions in Operation Rescue. Mr. Wood, a pro se litigant, made a claim of legal authority, and the Town has not shown that this claim was made in bad faith, however legally unsound Mr. Wood's theory may have been. The

facts of this case do not warrant an equitable departure from the American Rule, and attorney's fees shall not be awarded to the Town.

Therefore, for these reasons, the Town's motion to alter or amend the April Decision to include an award of attorney's fees is **DENIED**.[3]

### Cross-Motions for Factual Findings: The Retaining Wall Issue

The Town also asks us to declare that the retaining wall Mr. Wood has constructed on-site does not conform to the retaining wall authorized by Permit #99-1180. Mr. Wood, in reply, asserts that he believes he is entitled to findings of fact as they relate to the retaining wall.

The Town correctly points out that our recent finding of contempt against Mr. Wood was based solely upon Mr. Wood's admission that he continued to perform construction activities after Permit #99-1180 expired. April 2008 Decision at 6-7. We made no factual finding related to the retaining wall generally or whether it conforms to Permit #99-1180 specifically, and we decline to make such a finding now.

The April 2006 Decision, upon which the finding of contempt is based, granted the Town a stay of construction activities not specifically authorized by Permit #99-1180. Mr. Wood continued construction activities after Permit #99-1180 expired, and this formed part of the basis of the Town's motion for contempt in Docket No. 185-10-04 Vtec. We granted the Town's motion because of Mr. Wood admitted that he had performed construction activities after the permit's expiration. We denied the Town's motion for injunctive relief, however, because the request exceeded our contempt authority by asking for relief that the Legislature made available through other, statutorily-defined means. April 2008 Decision at 7-8.

The Town's request here must be denied for the same reason. The Town asks the Court to find that the retaining wall currently on-site was not built according to the specific requirements of Permit #99-1180. This appears to be an attempt to accomplish through a contempt proceeding what ought to be accomplished through an enforcement proceeding: an adjudication that Mr. Wood failed to comply with the terms and conditions of his permit and the applicable zoning regulations. See 24 V.S.A. § 4454(a) ("An action, injunction, or other enforcement proceeding relating to the failure to obtain or comply with the terms and conditions

---

[3] Our conclusion here is not intended to be an adjudication of the propriety of an award of attorneys fees, should the Town successfully pursue its other avenues of addressing Mr. Wood's past conduct on his property, as noted in our April 2008 Decision at 8.

of any required municipal land use permit may be instituted under sections 1974a, 4451, or 4452 of [Title 24] against the alleged offender . . ..").

There is no reason for this Court to use its discretionary contempt power here, as the Legislature has already provided a means to enforce the terms and conditions of Permit #99-1180. See State v. Stell, 2007 VT 106, ¶ 14 (noting it was not necessary to use contempt power where another remedy was available); see also In re C.W., 169 Vt. 512, 517 (1999) (noting courts should look to statutory guidance and then case law when considering contempt), State v. Dragon, 131 Vt. 500, 502 (1973) (stating that common law of contempt governs, absent statutory or constitutional guidance), and State v. Hildreth, 82 Vt. 382, 384 (1909). Accordingly, the Town's motion for a finding that Mr. Wood violated the terms of his permit is **DENIED**.

For the same reasons, we decline to grant Mr. Wood's request for factual findings related to his retaining wall. Contempt is not the appropriate means to adjudge whether Mr. Wood complied with Permit #99-1180. Mr. Wood's motion is therefore **DENIED**. However, to the extent that Mr. Wood requests explanation of our contempt finding, we refer him to the April 2008 Decision. Our finding of contempt was based upon Mr. Wood's admission in his memoranda that he had performed construction activities on his property without permit authority. April 2008 Decision at 6-7.

For the forgoing reasons, it is **ORDERED** and **ADJUDGED** that Mr. Wood's motion for reconsideration is **DENIED**. Mr. Wood's motion for a factual finding regarding his retaining wall and motion to lift the maintenance-permission procedure are also **DENIED**. The Town's motion to alter or amend the April Decision to include attorney's fees and a finding that Mr. Wood violated the terms of Permit #99-1180 is **DENIED**.

Done at Berlin, Vermont this 17th day of June, 2008.

_____
Thomas S. Durkin, Environmental Judge