448 A.2d 148 (1982)
In re S. H.
No. 367-81.
Supreme Court of Vermont.
June 1, 1982.
Andrew B. Crane, Defender Gen., William A. Nelson, Appellate Defender, and Nancy E. Kaufman, Montpelier, for petitioner.
John J. Easton, Jr., Atty. Gen., Montpelier, and Andrew M. Eschen and Alan B. Coulman, Asst. Attys. Gen., Waterbury, for defendant.
Before BARNEY, C. J., BILLINGS, HILL and UNDERWOOD, JJ., and DALEY, J. (Ret.), Specially Assigned.
*149 BILLINGS, Justice.
S.H., a delinquent minor, appeals the dismissal of her case by the Human Services Board, 3 V.S.A. § 3090, for lack of jurisdiction.
The petitioner was adjudicated a delinquent and placed in the legal custody of the Commissioner of the Department of Corrections, 3 V.S.A. § 3081. 33 V.S.A. § 657(a)(3). Pursuant to 33 V.S.A. § 632(b) the Commissioner of Corrections delegated the responsibility of providing supervision, care, and housing for delinquent minors to the Department of Social and Rehabilitation Services (SRS), 3 V.S.A. § 3084. While under the supervision of SRS the petitioner proved to be difficult to control, running away twice from a group home, and once from a foster home. As a result she was placed at the Bennington School, a residential school for girls, which is a much more restrictive environment than the group or foster homes. The petitioner appealed this decision to the Human Services Board as provided by 3 V.S.A. § 3091. The Board declined jurisdiction of the case and petitioner appealed to this Court. Since this appeal was commenced, S.H., who is still in the legal custody of Corrections, has been removed from the Bennington School and placed with her parents subject to supervision by SRS.
There are two issues on appeal: (1) whether the Human Services Board has jurisdiction of appeals of delinquent minors in the legal custody of the Commissioner of Corrections who receive services from the Department of Social and Rehabilitation Services; and (2) whether removal of the petitioner from the Bennington School renders the appeal moot. Because we find this case is moot, we do not reach the first issue.
In Town of Cavendish v. Vermont Public Power Supply Authority, 141 Vt. ___, ___, 446 A.2d 792, 793 (1982), we recognized that the mootness doctrine has its roots in the Vermont Constitution. Vt. Const. ch. II, § 30 ("The Supreme Court shall exercise appellate jurisdiction in all cases ...."). Under the doctrine the petitioner's stake in the litigation must continue throughout its entirety to confer jurisdiction upon this Court. State v. O'Connell, 136 Vt. 43, 45, 383 A.2d 624, 625 (1978). The general rule is that a case becomes moot "when the issues presented are no longer `live' or the parties lack a legally cognizable interest in the outcome." United States Parole Commission v. Geraghty, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969)).
Accordingly, the petitioner's appeal for review by the Human Services Board of her placement in the Bennington School was no longer "live" once she was removed from the school. Similarly, she no longer has a legally cognizable interest in the outcome of this case as she is not seeking damages or representing a class of juveniles similarly situated. Murphy v. Hunt, ___ U.S. ___, ___, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982).
An exception to the general rule has been recognized in cases that are "capable of repetition, yet evading review." Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973). But, in the absence of a class action, this exception is narrowly "limited to the situation where two elements [are] combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." Murphy v. Hunt, supra, ___ U.S. at ___, 102 S.Ct. at 1183 (quoting Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975)).
Although the first part of the test is satisfied here, the petitioner "has presented no evidence creating a reasonable expectation" that she will again be placed in the Bennington School or other similarly restrictive environment. Illinois State Board of Elections v. Socialist Workers Party, 440 U.S. 173, 187, 99 S.Ct. 983, 992, 59 L.Ed.2d 230 (1979). A "mere physical or theoretical possibility" is not sufficient to satisfy the two part test. Murphy v. Hunt, supra. "If this were true, virtually any matter of short *150 duration would be reviewable. Rather, ... there must be a `reasonable expectation' or a `demonstrated probability' that the same controversy will recur involving the same complaining party." Id.
There is no such "demonstrated probability" in this case. The petitioner may again be placed at the Bennington School, but even if she is, it is just as likely to be for a longer period than before, which would provide sufficient time for review. There is nothing inherent in the placement of juveniles at the Bennington School which would normally preclude review. Unlike State v. O'Connell, supra, where the challenged involuntary placements were always of such short duration that review was impossible, see also Roe v. Wade, supra, the petitioner here has failed to show any policy or pattern of behavior on the part of SRS which would lead to the conclusion that the petitioner would probably be relocated at Bennington for such a short period of time as to evade review. Illinois State Board of Elections, supra, 440 U.S. at 188, 99 S.Ct. at 992. In fact, there is no evidence that petitioner is likely to be returned to Bennington School at all. There is only the theoretical possibility that because she is still in the legal custody of the Commissioner of Corrections, SRS has the authority to place her at the Bennington School in the future. This is not enough.
Appeal dismissed.