## In re H. A., Juvenile

[528 A.2d 756]

No. 84-257

Present: Allen, C.J., Hill, Peck and Gibson, JJ.,* and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed May 1, 1987

---

* Justice Gibson was present at oral argument but took no part in the decision.

*Martin and Paolini*, Barre, for Defendant-Appellant.

*Jean Anne Kiewel*, Bellows Falls, for Defendant-Appellee.

**Peck, J.** The mother of H. A., an eight-year-old girl, appeals a disposition order of the Juvenile Court for Windham County transferring legal custody of her child to the Commissioner of Social and Rehabilitation Services (SRS). We affirm.

The primary issue raised on appeal is whether the disposition order is supported by the lower court's findings of fact. H. A.'s mother argues that the court made no finding regarding her fitness as a parent, and she maintains that the sole finding arguably relating to parental fitness is not supported by the evidence. Counsel for the child, on the other hand, contends that proper and supportable findings were made and that, in any event, the request for a new hearing is moot.

On March 12, 1984, the state's attorney for Windham County filed a petition under the provisions of chapter 12 of Title 33 V.S.A. alleging that H.A. was a child in need of care. The petition was supported by an affidavit of probable cause to believe that the child had been abused sexually by her father. After an emergency detention hearing, H.A. was ordered temporarily detained. A hearing on the merits followed on March 23, 1984, and the court concluded, on the basis of a stipulation by the parties, that

H. A. was a child in need of care and supervision. The stipulation did not identify the source of the alleged sexual abuse. The child's father admitted only that during periods of inebriation he had used a belt to discipline H. A., and the court emphasized that it was making no finding on the sexual abuse issue.

At the subsequent disposition hearing, held on May 2, 1984, appellant argued that her daughter should be returned to her custody subject to any conditions the court deemed appropriate. Counsel for the child countered with expert testimony and the results of an extensive evaluation by a forensic team, as well as the stipulation from the detention proceedings. The court concluded that a return to the mother's custody would not be in the best interests of the child, and legal custody was transferred to SRS.

■ As a threshold matter, counsel for H. A. argues that this appeal is moot because a dispositional review hearing was held while the appeal was pending. "The general rule is that a case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *In re S.H.*, 141 Vt. 278, 280, 448 A.2d 148, 149 (1982) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Counsel for the child maintains that the hearing court ordered the return of H.A. to the care of her parents, upon their compliance with certain conditions, and that this order gives the mother her requested relief. This characterization of the court's order is erroneous. The focus of the dispositional review hearing was a case plan prepared by SRS, in which a return to the parental home, subject to a series of conditions, was proposed. The hearing court approved this plan in part but disapproved it in part because the plan failed to address the father's use of alcohol and his possible involvement in sexual abuse. The court ordered that custody remain with SRS. Thus, the parties have a continuing interest in the outcome of this appeal, and the doctrine of mootness does not apply.

■ A primary purpose of Vermont's Juvenile Procedure Act is "to provide for the care, protection and wholesome moral, mental and physical development of children coming within the provisions of this chapter; . . . ." 33 V.S.A. § 631(a)(1). However, the statute also provides that this purpose must be achieved "whenever possible, in a family environment, separating the child from his parents only when necessary for his welfare or in the interests of public safety; . . . ." *Id.* § 631(a)(3). This language makes clear

that "the juvenile court is not free to weigh and compare the merits of various possible solutions free of any regard for compelling parental rights." *In re N. H.*, 135 Vt. 230, 237, 372 A.2d 851, 856 (1977). Instead, the court may order removal from the parental home only upon "convincing proof and findings that the parents are unfit and demonstrably incapable of providing an appropriate home, and that separation is necessary for the child's welfare or in the interest of public safety." *In re M. B., L. B. & G. B.*, 147 Vt. 41, 45, 509 A.2d 1014, 1017 (1986).

■ Here, H. A.'s mother argues that the juvenile court made no finding regarding her fitness as a parent. We disagree. The court found expressly that appellant "doesn't presently have sufficient parenting skills to assure a safe environment for this child and the emotional support that a child with her degree of disturbance will need . . . nor does she have the skills to provide the nurturance for that emotionally disturbed child." Although the court did not employ the term "unfit," the import of this finding of fact is clear, and the requirements of the statute and our case law are satisfied.

■ The mother also argues that the finding at issue is unsupported by the evidence. Findings of fact made by a juvenile court must stand if they are supported by credible evidence and are not clearly erroneous. *In re L. R. R.*, 143 Vt. 560, 563, 469 A.2d 1173, 1175 (1983). Here, the court was presented with the stipulation of the parties as well as expert testimony and reports. As part of the stipulation, appellant admitted that she believed H. A. to have been physically and sexually abused. The State's expert testified at length regarding his observations and the conclusions of the forensic team. This expert stated his opinion, already included in the team's report, that appellant was incapable of protecting her daughter from sexual abuse. The forensic team found that H. A. had probably been sexually abused by a variety of caretakers as well as a taxicab driver. The report indicated that the mother was herself the product of an abusive environment and was confused about how to help her daughter. Thus, credible and largely undisputed evidence supported the finding of unfitness; no reversible error has been demonstrated.

*Affirmed.*