549 A.2d 1058 (1988)
In re C.C.
No. 85-445.
Supreme Court of Vermont.
May 27, 1988.
Motion for Reargument Denied June 16, 1988.
Marc D. Brierre, Rutland County Deputy State's Atty., Rutland, for plaintiff-appellee.
Robert A. Clark, Vermont Legal Aid, Inc., Rutland, for defendant-appellant.
Before ALLEN, C.J., PECK, GIBSON and DOOLEY, JJ., and KEYSER, J. (Ret.), Specially Assigned.
GIBSON, Justice.
C.C. appeals a district court order finding her to be a person in need of treatment, and ordering her to undergo involuntary administration of medication for an indeterminate *1059 period of time. Because the controversy has become moot, we dismiss the appeal and vacate the order of the trial court.
On September 24, 1985, the trial court found C.C. to be suffering from mental illness, a finding not contested by C.C. The court went on to find C.C. to be a person in need of treatment, and ordered her to undergo involuntary administration of medication for an indeterminate period until advised by a physician that such a requirement was no longer necessary or appropriate. C.C. appealed, and the court's order was stayed pending resolution of the appeal.
On appeal, C.C. contends (1) that there was insufficient evidence to support the court's finding that she is a person in need of treatment, and (2) that the court's order is defective because of its lack of a 90-day time limit, as required by 18 V.S.A. § 7618. At oral argument, the deputy state's attorney represented to this Court that the State no longer desired to enforce the order and that it intended to withdraw the petition if the trial court decision is affirmed. The parties have been unable to resolve the matter between themselves, however. The State concedes that the order was defective in not including a 90-day time limit. C.C. contends the case is not moot because of the stigma attaching to her as a result of the court's findings and order.
In view of the position taken by the State, we are unable to perceive that any bona fide controversy still exists between the parties. See In re H.A., 148 Vt. 106, 108, 528 A.2d 756, 757 (1987) (case becomes moot when issues presented are no longer "live" or parties lack a legally cognizable interest in the outcome). Further, inasmuch as C.C. does not contest the adequacy of the court's findings that she was suffering from mental illness at the time of the hearing, any adverse collateral consequences accruing to her as a result of the trial court's findings are minimal. Because it does not appear that substantial rights of C.C. are involved, see Orr v. Orr, 122 Vt. 470, 473, 177 A.2d 233, 235 (1962) ("an issue will not be regarded as moot, although the passage of time has rendered some aspects of the controversy academic, if substantial rights and liabilities of the parties are affected by the order from which the appeal is taken"), and because of the lack of a "live" controversy, we shall dismiss the appeal as moot.
The September 24, 1985 order of the district court is vacated, and the appeal is dismissed.