# In re PCB File No. 92.27

[708 A.2d 568]

No. 96-600

Present: **Amestoy, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed January 16, 1998

*Shelley A. Hill,* Bar Counsel, White River Junction, Appellant.

*Thomas J. Kennedy,* Newton, Pennsylvania, Appellee.

**Gibson, J.** Bar counsel appeals from an order of the chair of a Professional Conduct Board (PCB) hearing panel requiring her to provide respondent with a redacted version of notes and summaries of witness statements prepared by her investigator. Although bar counsel has turned the materials over to respondent, she requests that the Court declare the notes of witness interviews prepared by her investigator to be privileged documents under A.O. 9, Rule 10B(1) that are not discoverable absent a showing of good cause. We rule that such documents fall within the attorney-work-product privilege and are not discoverable absent a showing of substantial need and undue hardship, and a finding of good cause.

This matter began with a misconduct petition filed by bar counsel, which resulted, after a hearing, in an admonition by the PCB. Thus, the merits of the petition have been decided, and no merits appeal has been filed by respondent. Bar counsel, however, appeals from an interim ruling by the chair of the panel in response to a discovery request by respondent pursuant to A.O. 9, Rule 10B, which ruling stated as follows:

> (1) [Bar counsel] is to gather all notes and/or summaries of witnesses provided to her by her investigator.
> (2) From those notes/summaries, [bar counsel] is to redact any mental impressions, strategy suggestions, opinions, editorial comments and any other nonfactual information provided by the investigator. The originals are to be saved and will be reviewed by the chair of the hearing panel to assure compliance with this order.
> (3) [Bar counsel] is to provide [respondent] the redacted notes/summaries forthwith.

Bar counsel filed a motion for extraordinary relief in this Court, but the motion was denied. Accordingly, she complied with the discovery ruling, and following the PCB decision on the merits, she appeals the discovery order.

## I. Mootness

Bar counsel first addresses the evident mootness of the question on appeal. In *State v. Tallman*, we recognized an exception to the mootness doctrine for a narrow class of cases that are "'capable of repetition, yet evading review.'" 148 Vt. 465, 469, 537 A.2d 422, 424 (1987) (quoting *In re S.H.*, 141 Vt. 278, 281, 448 A.2d 148, 149 (1982)). As we explained in *Tallman*:

The applicability of this exception is dependent on the satisfaction of a two-part test established by the United States Supreme Court in *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975): "(1) the challenged action [must be] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [must be] a reasonable expectation that the same complaining party [will] be subjected to the same action again."

*Id.*

■ Bar counsel has met both parts of the test. A discovery order is by its nature short-lived. This Court does not favor interlocutory review of discovery orders, because they rarely raise a controlling question of law or have the potential to materially advance the termination of the litigation. *Castle v. Sherburne Corp.*, 141 Vt. 157, 162-63, 446 A.2d 350, 352-53 (1982). The nature of the disciplinary process renders interlocutory review even less desirable because both the public and the respondent attorney have a strong interest in a prompt hearing and an expeditious decision.

The second part of the test has been met because the record indicates that the chair of another PCB panel has directed a similar order to bar counsel in another matter.

## II. Merits

The main issue in this case is whether witness statements and notes taken by bar counsel's investigator of witness interviews are privileged documents under A.O. 9, Rule 10B(1). Rule 10B(1) provides, in part, "Within 60 days following the filing of an answer, bar counsel and respondent may take depositions and shall comply with reasonable requests for production of (a) nonprivileged documents and evidence relevant to the [charges], and (b) other material upon good cause shown to the chair of the hearing panel." Thus, respondent is entitled to production of nonprivileged documents upon request, while he must make a showing of good cause to obtain privileged documents.

Bar counsel argues that the witness statements and investigator notes are privileged documents under the attorney-work-product rule announced in *Hickman v. Taylor*, 329 U.S. 495 (1947). In *Hickman*, the United States Supreme Court held that oral and written statements of witnesses obtained by or prepared by an adverse party's counsel in the course of preparation for possible litigation are not

discoverable without a showing of necessity. *Id.* at 510. The attorney-work-product rule in *Hickman* established a qualified privilege for witness statements prepared at the request of the attorney and an almost absolute privilege for attorney notes taken during a witness interview. See *Martin v. Office of Special Counsel*, 819 F.2d 1181, 1187 (D.C. Cir. 1987). Moreover, the mental impressions, conclusions, opinions and legal theories of an attorney are absolutely protected from discovery regardless of any showing of need. *Killington, Ltd. v. Lash*, 153 Vt. 628, 647, 572 A.2d 1368, 1379-80 (1990).

In *Killington*, we recognized the common-law, attorney-work-product privilege announced in *Hickman* and equated the scope and application of the privilege to the work-product exemption in V.R.C.P. 26(b)(3), which was based in part on *Hickman*. 153 Vt. at 646, 572 A.2d at 1379; see Reporter's Notes to V.R.C.P. 26 (work-product rule based in part on *Hickman*). Further, we held that "where an agency appears as a party in a contested administrative proceeding, the attorney's work-product doctrine should be applied as if the action were in a court." *Killington*, 153 Vt. at 647, 572 A.2d at 1379.

██ ██ Since the common-law privilege is coextensive with that provided in V.R.C.P. 26, we look to that rule to resolve the instant controversy,* V.R.C.P. 26(b)(3) provides that documents prepared in anticipation of litigation by the other party's attorney or agent are discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Even "when the required showing has been made, the judge shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other [agent] of a party." V.R.C.P. 26(b)(3). The rule extends the attorney-work-product privilege declared in *Hickman* to protect materials "not only when prepared for trial by an attorney but when prepared by the party" or by the party's "representative." Reporter's Notes to V.R.C.P. 26(b)(3). After *Killington*, it

---

*The parties agree that, under A.O. 9, Rule 10B(3), PCB proceedings "are not subject to the Vermont Rules of Civil Procedure except as noted herein," and that therefore, V.R.C.P. 26(b)(3), concerning discovery of documents prepared by or for another party, is not directly applicable in this case. Nonetheless, the parties maintain that we should adopt the standard of V.R.C.P. 26(b)(3) by analogy under A.O. 9, Rule 10B(1). We recognized the common-law, work-product privilege in *Killington, Ltd. v. Lash*, 153 Vt. 628, 646, 572 A.2d 1368, 1379 (1990), the scope of which we equated to the work-product exemption in V.R.C.P. 26(b)(3). Thus, no analogy is necessary.

is clear that the Vermont common-law, work-product privilege protects notes and summaries of witness interviews taken by bar counsel's investigator, and we so hold. Statements concerning the action or its subject matter made by a party may be obtained by that party, however, without any showing. V.R.C.P. 26(b)(3).

To the extent that respondent maintains that witness statements and purely factual material do not fall within the work-product privilege, he is incorrect. See *Martin*, 819 F.2d at 1187 (work-product privilege does not distinguish between factual and deliberative material; both are protected). Some of these privileged documents are discoverable "upon good cause shown." A.O. 9, Rule 10B(1)(b). In determining whether a respondent has shown good cause for production of various documents, the PCB panel chair must consider whether the respondent has shown substantial need for the document and whether the equivalent materials are available by other means. Cases interpreting V.R.C.P. 26(b)(3) will be helpful in this regard. The chair of the hearing panel must make a finding of good cause prior to ordering disclosure of any documents.

Here, the PCB panel chair applied the standards in V.R.C.P. 26(b)(3), at least in part, by requiring bar counsel to redact mental impressions and opinions from the investigator's notes prior to providing the notes to respondent. Thus, the chair recognized that certain attorney work product is absolutely privileged. The record does not indicate, however, whether respondent was required to show substantial need and undue hardship in order to obtain the redacted witness statements from bar counsel, and the chair made no findings in this regard. But the issue is moot with respect to the instant case, so we need consider the issue no further.

*Written or oral statements of witnesses obtained by bar counsel or her investigator are not discoverable absent a showing by respondent of substantial need and undue hardship, and a finding of good cause by the Professional Conduct Board.*