STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Bennington          }
School, Inc., Matthew Merritt, III,  }
and Gerald Maxon                     }     Docket No. 85-4-00 Vtec
                                     }
                                     }


Decision and Order on Cross-Motions for Summary Judgment

Appellants Bennington School, Inc., Matthew Merritt, III[1], and Gerald Maxon[2] appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Bennington, requiring them to apply for conditional use approval, rather than as a permitted use. Appellants are represented by Lon T. McClintock, Esq.; the Town is represented by Robert E. Woolmington, Esq. Appellant Bennington School, Inc., and the Town have moved for summary judgment[3] on the question of whether the proposed use of a former single-family house as a non-dormitory residence[4] for the school should be classified as a A group home,@ which is a permitted use under the Bennington Zoning Bylaw, or as a A residential care facility,@ or a A school,@ each of which is a conditional use under the Zoning Bylaw in the Rural Residential zoning district. For the purposes of this decision, we will refer to Appellant Bennington School, Inc. in the singular as A Appellant.@

The following facts are undisputed unless otherwise noted.

Appellant is a private Vermont for-profit corporation operating a residential school for children between the ages of 10 and 21 who have special educational needs. Appellant is licensed by the Vermont Department of Education to provide special education services, and by the Vermont Department of Social and Rehabilitation Services (SRS) to provide residential care to children. The parties have not stated whether Appellant holds any licenses or registrations to operate either a residential care facility or a therapeutic community residence[5] as defined in 33 V.S.A. ' 7102, for which licensure is required in ' 7103, or whether its residence houses, as distinct from its dormitories, are group homes A licensed as required by law to receive a CHINS@ under 33 V.S.A. ' 5528(a)(3)(b).

Appellant operates two campuses: a boys= campus in Bennington, including a school, dormitories and an administrative building, and a girls= campus in North Bennington, including a school and a dormitory. Appellant houses its students in the dormitories and in houses in residential neighborhoods near the schools. Appellant provides the residential houses as part of its program to meet the special needs of some of its students; that is, to provide the opportunity to live in a residential, family-like setting in a neighborhood, to learn day-to-day living skills, to develop a bond with a small group of staff and peers, and to experience a healthy, family-like living environment prior to returning to their homes and communities. In the residential houses, Appellant provides 24-hour adult supervision, with generally one staff member for every three students. Two or three staff members are present with the students in each residential house during waking hours, and at least one staff member is present and awake through the night to check periodically that all the students are on the premises.

Appellant claims that all of its students have been diagnosed as having a developmental disability, but that fact appears to be disputed by the Town. All of the students Appellant places in the residential houses have been identified as being A at risk,@ meaning that they have not been able to succeed in a traditional home or school environment. Appellant= s A Program Summary@

of its services describes its students as having A diagnosed special educational needs including learning disabilities, moderate intellectual handicaps, moderate physical handicaps, and emotional and/or social disorders.@ The parties have provided no stipulated facts or affidavits suggesting that any of Appellant= s residential houses is licensed or registered by the State of Vermont as a residential care home or group home.

Mr. Jeffrey LaBonte is the Executive Director of Appellant and is a co-owner, with the Merritt Family Limited Trust, of some of Appellant= s residence houses. Mr. LaBonte and the Trust entered into a purchase and sale contract with Mr. Gerald Maxon to purchase a single-family house in the Rural Residential zoning district, for Appellant to use as an additional residential house. The contract was contingent upon the buyers= obtaining a zoning permit allowing them to use the house as an A adolescent residential group home@ for six or fewer of Appellant= s students (and, presumably, the associated adult staff). Appellants applied for a A group home@ as a permitted single-family residential use, but were required by the Zoning Administrator to apply instead to the ZBA as a conditional use A residential care facility.@ Rather than making the conditional use application, they brought this appeal of the ruling.

First, we must address whether this appeal has become moot because the Maxon house has been sold to an uninvolved third party. We conclude that this appeal falls into the exception to the mootness doctrine for matters A capable of repetition, yet evading review.@ Doria v. University of Vt. & State Agric. College, 156 Vt. 114, 118 (1991). Appellant anticipates seeking zoning approval of additional properties to use as residential houses, and the duration of a purchase-and-sale contract is too short to litigate this question after another contract has been signed. The controversy therefore meets the two-part test established by the United States Supreme Court in Weinstein v. Bradford, 423 U.S. 147, 149 (1975) and adopted by the Vermont Supreme Court in the Doria case: that the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and that there is a reasonable expectation that the same complaining party will be subjected to the same action again.

The parties provided extensive stipulated facts regarding how Appellant chooses and supervises the students assigned to the residential houses, to assist the Court in determining whether the house would be classified as a secure care facility or not, under the definition in the Zoning Bylaw. We need not, however, address whether it is a secure care facility[6], for the following reasons.

A single-family dwelling is a permitted use in the district. It is defined in ' 1.4 as a A detached building designated for or occupied solely as a dwelling by one family and equipped with sanitary facilities and not more than one kitchen.@ The term A family@ is defined to include A a group of not more than five persons keeping house together,@ even if they are not necessarily related by blood or marriage. Thus, for example, two adults serving as house parents could keep house with three students, and the building would fall within the definition of single family dwelling, without regard to the group home or secure care issues.

The definition of single-family dwelling also states that:

A state licensed or registered residential care home or group home, not providing secure care, serving not more than six persons developmentally disabled or physically handicapped, shall constitute a permitted single family residential use of property, except that no such home shall be located within 1,000 feet of another such home.

The Bylaw does not define A residential care home@ or A group home.@ It does define A secure care facility@ in ' 1.19 as a A facility which uses various means to prevent persons from leaving the facility.@

State law requires, in 24 V.S.A. ' 4409(d), that:

A state licensed or registered residential care home or group home, serving not more than six persons who are developmentally disabled or physically handicapped, shall be considered to constitute a permitted single-family residential use of property, except that no such home shall be so considered if it locates within 1,000 feet of another such home.

Thus, state law does not appear to allow the Town to eliminate secure care facilities from consideration as permitted residential care homes or group homes.

Nevertheless, to be considered under this section of either the state law or the Town= s Bylaw, the home first has to be licensed or registered by the state as either a residential care home or a group home. There is no evidence provided either in the stipulated facts or by affidavit that Appellant= s homes are so licensed or registered. Second, the home= s residents must be either developmentally disabled[7] or physically handicapped. The stipulated facts reflect that some of Appellant= s students are developmentally disabled and some are physically handicapped, but material facts are in dispute as to whether all the students in the proposed house would have fallen within those two categories.

Accordingly, based on the foregoing, Appellant= s Motion for Summary Judgment is GRANTED in PART, in that 24 V.S.A. ' 4409(d) prohibits the Town from excepting secure care facilities from the treatment of state-licenced residential care and group homes as permitted single-family residences. It is otherwise DENIED, as is the Town= s Motion for Summary Judgment, as material facts are in dispute. Mr. Maxon is hereby DISMISSED as a party to this appeal, because the appeal is moot as to his interests.

The Court will hold a telephone conference with the parties on June 1, 2001, to discuss whether the parties wish to provide additional facts by stipulation or affidavit to allow the Court to rule on more of the issues presented by summary judgment, or whether the parties wish to schedule an evidentiary hearing for the presentation of those facts to the Court, or whether, in light of the present ruling, Appellant will merely apply for conditional use approval of the next house it wishes to use as a residence house for the school, whether as a A school@ use or a A residential care@ use or a A group home@ use for persons not meeting the A developmentally disabled or physically handicapped@ criteria.

Done at Barre, Vermont, this 10th day of May, 2001.

_____
Merideth Wright
Environmental Judge

## Footnotes

1. The parties have not stated who Mr. Merritt is in the context of this case, although the stipulated facts refer to a Merritt Family Limited Trust as owning some of the properties used by the school.

2. Mr. Maxon appears to have been the owner of the house at issue when this case was first filed, but which had been sold to an unrelated third-party purchaser by the time of the briefing of these motions. Accordingly, it appears that he should be dismissed as a party to this appeal.

3. The Rules of Civil Procedure, including summary judgment, apply in zoning and planning appeals in Environmental Court. See V.R.A.P. 76(a)(2). The exceptions in V.R.A.P. 76(a)(3) only address environmental enforcement proceedings brought under 10 V.S.A. Chapter 201.

4. The parties chose the term "non-dormitory residence" to avoid using the term "single-family dwelling," which is a legal issue in this appeal. The Court will use the term "residential house" wherever possible in this opinion to signify the same type of structure.

5. Although the term "group home" is used in the zoning statutes and some education and social services statutes and cases, this was the only licensing requirement found by the Court which covers "group homes" as the term is used in the zoning statutes.

6. With regard to this issue, we call the parties' attention to In re S.H., 141 Vt. 278, 280 (1982), in which the Bennington School is described as "a much more restrictive environment than the group home" or the foster home where the student had formerly been placed.

7. The term 'developmental disability' is defined in 18 V.S.A. § 8722(2) as "a severe, chronic disability of a person that is manifested before the person reaches the age of 18 and results in: (A) mental retardation, autism or pervasive developmental disorder; and (B) deficits in adaptive behavior at least two standard deviations below the mean for a normative comparison group."