NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 87

No. 24-AP-111

| | |
|---|---|
| In re Appeal of S.S. | Supreme Court |
| | On Appeal from<br>Human Services Board |
| | October Term, 2024 |

Michael J. Donohue, Chair

Maryellen Griffin, Vermont Legal Aid, Inc., St. Johnsbury, for Petitioner-Appellant.

Charity R. Clark, Attorney General, Montpelier, and Rebecca J. Ronga, Assistant Attorney General, Waterbury, for Respondent-Appellee Department for Children and Families Economic Services Division.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **EATON, J.** Petitioner, S.S., appeals a Human Services Board decision dismissing her case as moot. We conclude that the Board lacked authority to give S.S. the relief she sought and, therefore, we affirm.

## I. Legal Framework

¶ 2. Some background on the fair-hearing process before the Board is helpful to understanding the issues on appeal. Individuals who receive public assistance, benefits, and social services through the Department for Children and Families (DCF) can file a request for a fair hearing with the Board when an individual's claim for benefits or services is denied, when the "individual is aggrieved by . . . Agency action affecting the individual's receipt of assistance, benefits or service," or when "the individual is aggrieved by Agency policy as it affects the

individual's situation." 3 V.S.A. § 3091(a). The hearing is conducted either by the Board or by a hearing officer appointed by the Board. Id. § 3091(b). When a hearing officer conducts the hearing, the hearing officer will report the findings to the Board and the "Board shall approve the findings and adopt them as the findings of the Board unless good cause is shown for disapproving them." Id. § 3091(c); Fair Hearing Rules, § 1000.3, Code of Vt. Rules 13 020 002, http://www.lexisnexis.com/hottopics/codeofvtrules. "Whether the findings are made by the Board, or by a hearing officer and adopted by the Board," the statute directs the Board to "enter its order based on the findings." 3 V.S.A. § 3091(c). The Board's actions in its order at the conclusion of the process are statutorily limited to "affirm[ing], modify[ing], or revers[ing] decisions of the Agency" and "mak[ing] orders . . . requiring the Agency to provide appropriate relief." Id. § 3091(d). To expedite the process when hearing officers decide in petitioners' favor, DCF has general guidance instructing Board hearing officers to "advise [DCF], either orally or in writing, of the [hearing officer's] recommendation and [DCF] will put the recommendation into effect in the same manner as an Order of the Human Services Board." General Assistance Rules, Reference 2606, Interpretive Memo, July 1, 1986, Notice—Expedited Fair Hearing, https://outside.vermont.gov/dept/DCF/Shared%20Documents/ESD/Rules/2600-GA.pdf [https://perma.cc/HC65-2BXG]. This practice expedites relief for petitioners because, when a hearing officer finds for the petitioner, DCF will reverse its decision prior to a final order by the Board. Id.

## II. Facts

¶ 3. The agency record provides the following undisputed facts unless otherwise noted. In January 2024, petitioner S.S. was receiving temporary housing assistance through DCF and staying at the Lamoille Community House where she was assigned a storage locker with a combination lock. On the evening of January 11, S.S. discovered that the medications stored in her locker were missing. Shelter staff investigated and informed S.S. that staff had mistakenly

2

assigned her locker to another person. This led to a heated confrontation between S.S. and shelter staff. Based on S.S.'s behavior, and without a prior warning, the shelter issued S.S. a notice to vacate for not following shelter rules.

¶ 4. S.S. attempted to secure other temporary housing at a district office but was informed that, pursuant to agency rules, her shelter-rule violation resulted in a thirty-day period of ineligibility. See General Assistance Rule § 2652.3, Code of Vt. Rules 13 170 260 http://www.lexisnexis.com/hottopics/codeofvtrules ("Recipient[s] . . . who are denied further accommodations at a motel, or similar establishment, for not following the rules of the establishment shall be ineligible for temporary housing for 30 days following the last date housing assistance was received."). Pursuant to 3 V.S.A. § 3091, S.S. requested a fair hearing to challenge the period of ineligibility applied against her by DCF. A hearing was held on January 30. The next day, the hearing officer issued a preliminary expedited recommendation, determining that staff failed to give S.S. adequate warnings before removing her from the shelter and therefore, "reversing [DCF's] decision" because the thirty-day period of ineligibility was improperly applied. Based on the hearing officer's recommendation and consistent with DCF's general guidance to expedite fair hearings by treating hearing officers' recommendations as an order of the Board, DCF removed S.S.'s period of ineligibility. Therefore, S.S. received her requested relief even though the Board had not issued a final order at this time.

¶ 5. On February 5, 2024, S.S. filed a motion with the Board requesting that it approve the hearing officer's January 31 recommended decision, adopt the hearing officer's findings as the findings of the Board, and issue a final order based on those findings. On February 8, the hearing officer responded to S.S.'s motion asking for clarification on whether DCF had already lifted the period of ineligibility and, if so, why the appeal was not moot. S.S. responded on February 12 with a renewed request for the hearing officer to report the findings to the Board, arguing that the case was not moot and that the Board was required by statute to adopt the hearing officer's findings

3

and issue a final order based on those January 31 findings. The State opposed S.S.'s motion, asserting that because DCF had granted S.S. all the relief she requested, the matter was now moot. The hearing officer concluded that the matter was moot and submitted a new recommendation to the full Board to dismiss the case on that basis. In a final order, the Board adopted this new recommendation from the hearing officer and dismissed S.S.'s case as moot, finding that there was no longer any relief the Board could grant S.S. S.S. appealed that decision to this Court.

### III. Appellant's Arguments

¶ 6.     On appeal, S.S. argues that the mootness doctrine does not apply to the Board because it is an executive-branch adjudicative body. She also argues that the Board erred when it found that the case was moot because neither party presented evidence of mootness at the January 30 hearing and, instead, the issue of mootness only arose when DCF "made a claim of mootness in a brief submitted one month after the hearing had concluded." She argues that the final order from the Board should have been based solely on the hearing officer's January 31 findings and not on DCF's subsequent action to proactively follow the hearing officer's recommendation and reverse its decision.

¶ 7.     In the alternative, S.S. argues that the case is not moot because the capable-of-repetition-yet-evading-review exception to the mootness doctrine applies. Specifically, S.S. argues that she will likely find herself unhoused again and that DCF's and the Board's procedures ensure that the situation is too short in duration to be fully litigated. More generally, S.S. also argues that DCF's and the Board's standard practices violate the law, that their procedures lead to a misrepresentation of their work in their annual report, and that these practices will continue to negatively affect others.

¶ 8.     We hold that the Board appropriately dismissed the case because it lacked statutory authority to provide the relief S.S. seeks.

4

## IV. Analysis

### A. The Board's Statutory Authority

¶ 9.    We review the Board's dismissal of a case de novo. See Paige v. State, 2017 VT 54, ¶ 6, 205 Vt. 287, 171 A.3d 1011 (explaining that dismissal for lack of subject matter jurisdiction is reviewed de novo). In addition, "[w]hether the Board has the authority to grant relief is a question of law that we review de novo." In re K.M., 2024 VT 63, ¶ 8, __Vt.__, __A.3d__.

¶ 10.    S.S. contends that the mootness doctrine does not apply here because the Board is an administrative body and mootness limits the power of the judicial branch, not the executive branch. To be sure, the mootness doctrine derives from the Vermont Constitution, which limits the authority of courts to the determination of actual, live controversies between adverse litigants. See In re Opinion of the Justices, 115 Vt. 524, 529, 64 A.2d 169, 172 (1949) (holding that Vermont Constitution grants jurisdiction over only actual controversies).

¶ 11.    However, we need not address whether this mootness doctrine as applied in judicial proceedings applies to the Board as an administrative body because this case is properly about statutory interpretation. We need only look to the Board's statutory authority which is limited to the jurisdiction granted to it by 3 V.S.A. § 3091. "[P]ublic administrative bodies have only such adjudicatory jurisdiction as is conferred on them by statute, with nothing presumed in favor of their jurisdiction." In re Hinsdale Farm, 2004 VT 72, ¶ 10, 177 Vt. 115, 858 A.2d 249.

¶ 12.    The Board is empowered to "affirm, modify, or reverse decisions of [DCF] . . . and it may make orders consistent with this title requiring [DCF] to provide appropriate relief." 3 V.S.A. § 3091(d). Furthermore, "the Board can act only where agency action affects the petitioner's situation." In re K.M., 2024 VT 63, ¶ 15 (quotation omitted); see also 3 V.S.A. § 3091(a) (specifying access to fair hearings only for individuals whose "claim of assistance, benefits or services is denied," when individual is subject to "[a]gency action affecting [the

individual's] receipt of assistance, benefits, or services" or when "individual is aggrieved by Agency policy as it affects [the individual's] situation").

¶ 13.    In this case, S.S. asks the Board to adopt the hearing officer's preliminary recommendation, which determined that S.S. was improperly removed from the shelter and, therefore, that the thirty-day period of ineligibility was applied in error and should be reversed. Essentially, S.S. wants the Board to instruct DCF to do something that has already occurred: reverse the application of the thirty-day period of ineligibility.  This is outside the scope of the Board's authority under § 3091.  Such an order would not affirm, modify, or reverse any existing DCF decision and would not affect S.S.'s situation.  " '[T]he Board does not have the authority to order declaratory judgement' " when it cannot "provide appropriate relief to a claimant."  In re K.M. 2024 VT 63, ¶ 10 (citing Husrefovich v. Dep't of Aging & Indep. Living, 2006 VT 17, ¶ 28, 179 Vt. 456, 898 A.2d 726); see also Town of Cavendish v. Vt. Pub. Power Supply Auth., 141 Vt. 144, 147, 446 A.2d 792, 794 (1982) ("Every petition for declaratory relief must satisfy an initial burden: there must be an actual controversy between the parties to confer jurisdiction.")  Therefore, the Board appropriately dismissed the case because it lacked authority to enter the type of declaratory judgment sought by S.S.

¶ 14.    S.S. also argues that the Board failed to fulfill its statutory mandate by declining to approve and adopt the hearing officer's original findings and that this violated her due-process rights under the U.S. and Vermont Constitutions.  Because we conclude that the Board appropriately dismissed the case, we do not reach the question of whether DCF violated its statutory mandate or S.S.'s due-process rights.  See, e.g., Lowell v. Dep't for Child. & Fams., 2024 VT 46, ¶ 17, __ Vt. __, __ A.3d __ (holding that "[e]ven if [the party's] right to due process was violated . . . [the] process ha[d] concluded in her favor, and she no longer has a legal interest in the outcome of any declaration regarding the constitutional adequacy of that process").

6

## B. The Mootness Doctrine

¶ 15.    In the alternative and in response to the Board's conclusion that the case was moot, S.S. argues that this matter is not moot because it falls into an exception to the mootness doctrine. This Court has not addressed whether the exceptions to the mootness doctrine apply to administrative agencies, and we decline to do so here. However, even if the mootness doctrine and exceptions thereto applied to the facts in this case, it would not alter the outcome described above.

¶ 16.    Under "the mootness doctrine" as typically applied to courts, S.S.'s claims before the Board were moot. S.S. challenged DCF's decision to apply a thirty-day disqualification period to her after she was improperly cited for a violation of shelter rules. During the pendency of the proceedings before the Board, DCF removed the period of ineligibility. Therefore, there was no longer any effective relief that the Board could grant S.S., and the matter was moot. See In re P.S., 167 Vt. 63, 67, 702 A.2d 98, 100 (1997) ("The general rule is that a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.")

¶ 17.    "We have recognized two exceptions to the mootness doctrine: (1) when negative collateral consequences are likely to result from the action being reviewed and (2) when the underlying situation is capable of repetition, yet evades review." In re M.M., 2024 VT 28, ¶ 9, __ Vt. __, 319 A.3d 726 (quotation omitted). S.S. argues that the second exception applies to her situation. We disagree because S.S.'s situation is not capable of repetition, yet evading review.

¶ 18.    The capable-of-repetition-yet-evading-review exception requires that "(1) the challenged action [was] in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there [is] a reasonable expectation that the same complaining party [would] be subjected to the same action again." Id. ¶ 18 (quotation omitted). To meet this second criterion, S.S. would need to "show that it is more than just 'theoretically possible' that the situation [she]

7

currently objects to will repeat itself; rather, [she] must show a 'demonstrated probability' that [she] will become embroiled again in this same situation." Paige, 2017 VT 54, ¶ 13. This is a "person-specific inquiry." Handy v. Fiske, 2023 VT 46, ¶ 8, __ Vt. __, 308 A.3d 544 (mem.). S.S.'s conclusory assertion that because of DCF's policies and because she is still homeless and receiving benefits "[i]t is reasonable to expect [that S.S.] will be exited again from shelter" is too speculative to show a "demonstrated probability" that she will be affected by a similar situation where she would be subject to an improperly imposed period of ineligibility. See In re Green Mountain Power Corp., 148 Vt. 333, 335-36, 532 A.2d 582, 584 (1987) (requiring more than mere hypothetical theories to meet second prong of exception).

¶ 19. Because S.S. has failed to demonstrate a reasonable expectation that she would be subjected to the same action again, we do not need to reach the question of whether the action was too short to be fully litigated prior to its cessation or expiration. See In re M.M. 2024 VT 28, ¶ 18 (explaining that both conditions must be satisfied to meet capable-of-repetition-yet-evading-review exception).

¶ 20. Consequently, we do not reach the issue of whether the mootness doctrine and the exceptions to the mootness doctrine apply to the Board because, even if applied, the outcome is the same: the case was appropriately dismissed.

### C. Mootness Before this Court

¶ 21. Finally, this Court's authority over a case is limited " 'to the determination of actual, live controversies between adverse litigants.' " Wool v. Off. of Pro. Regul., 2020 VT 44, ¶ 6, 212 Vt. 305, 236 A.3d 1250 (citing In re Durkee, 2017 VT 49, ¶ 11, 205 Vt. 11, 171 A.3d 33). "Unless an actual or justiciable controversy is present, a declaratory judgment is merely an advisory opinion which we lack the constitutional authority to render." Doria v. Univ. of Vt., 156 Vt. 114, 117, 589 A.2d 317, 318 (1991).

8

¶ 22. S.S. argues that there are important policy concerns that necessitate a ruling from this Court on the Board's failure to immediately adopt the hearing officer's January 31 preliminary findings. S.S. contends that DCF's and the Board's standard practice violate their statutory mandates, their procedures lead to a misrepresentation of their work in their annual report, and that their processes will continue to negatively affect others. She also argues that the Board's decision should have been based solely on the record at the close of the hearing on January 30, prior to when DCF reversed its decision.

¶ 23. Whatever the merit of these arguments, this Court's jurisdiction is limited and does not allow this Court to render an advisory opinion. Applied appropriately to this Court, the mootness doctrine requires "[a]n actual controversy [to] be extant at all stages of review, not merely at the time the complaint is filed." Winton v. Johnson & Dix Fuel Corp. 147 Vt. 236, 239, 151 A.2d 371, 373 (1986) (quotation omitted). In addition, a case remains moot even if "others will find themselves in a similar position." In re Vt. State Emps. Ass'n, Inc., 2005 VT 135, ¶ 12, 179 Vt. 578, 893 A.2d 338 (mem.) (quotation omitted). Furthermore, as above, any holding on these issues would amount to a declaratory judgment and "[d]eclaratory relief is not appropriate when it would only advise the ultimate decision-maker on points of law." Doe v. Dep't for Child. & Fams., 2020 VT 79, ¶ 17, 213 Vt. 151, 249 A.3d 665 (quotation omitted).

¶ 24. Therefore, we decline to reach S.S.'s policy arguments before this Court because S.S. has been given the relief she seeks and, consequently, there is no live controversy between adverse litigants. Furthermore, as described above, no exception to the mootness doctrine applies.

## D. Conclusion

¶ 25. We conclude that under these circumstances, the Board appropriately dismissed S.S.'s case. Given DCF's decision to remove S.S.'s period of ineligibility, there was no longer any relief that the Board could provide to S.S. and the Board did not have authority to issue a declaratory judgment that would not confer appropriate relief for S.S. Furthermore, even if

applicable, S.S. has not demonstrated that her situation would meet any exception to the mootness doctrine.

    <u>Affirmed</u>.

FOR THE COURT:

_____

Associate Justice